IN RE: THE ESTATE OF KIRBY W. LOFTIN, DECEASED (72E146) AND SYBIL LEWIS LOFTIN, PETITIONER (73SP35) v. KIRBY C. LOFTIN, EXECUTOR OF THE ESTATE OF KIRBY W. LOFTIN, RESPONDENT

No. 748SC132

(Filed 5 June 1974)

1. Husband and Wife § 4— wife's attack on acknowledgment and privy examination

A married woman may attack a certificate of acknowledgment and a privy examination upon grounds of mental incapacity, infancy or fraud; however, the certificate of the Clerk is conclusive except for fraud.

2. Husband and Wife § 2— antenuptial agreement — fraud — insufficiency of complaint

Petitioner's complaint was insufficient to state a claim for relief to set aside an antenuptial agreement on the ground it was procured by fraud where her allegations amounted to a mere conclusion that the agreement was procured by fraud and petitioner failed to allege the specific facts she intended to rely upon in establishing fraud. G.S. 1A-1, Rule 9(b).

**3. Wills § 61— acceptance of benefits — estoppel to dissent**

The wife was estopped to dissent from her deceased husband's will where she accepted a $5,000 bequest and a life estate in the home place pursuant to the terms of the will.

Judge VAUGHN dissents.

APPEAL from *James, Judge,* 10 September 1973 Session of LENOIR County Superior Court. Argued in the Court of Appeals 16 April 1974.

Kirby W. Loftin died on 26 July 1972 leaving an estate valued in the neighborhood of $500,000. Loftin's will left $5,000 and a life estate in the family home to his widow, Sybil Lewis Loftin. On 26 January 1973, Sybil Lewis Loftin (petitioner) filed a dissent to the will. The executor (respondent) answered the dissent, alleging that the dissent was barred both by an antenuptial contract and by the payment of $5,000 to petitioner pursuant to the terms of the will. Petitioner's reply alleged the invalidity of the antenuptial contract.

On 8 March 1973, petitioner filed an application for year's allowance from the estate. Again respondent pled the contract and the $5,000 payment in bar, and petitioner's reply alleged that the antenuptial contract was obtained through coercion and misrepresentation.

Following discovery, respondent moved for summary judgment as to the dissent and as to the application for year's allowance. The motions were consolidated for hearing on the motions and for trial.

From the affidavits, it was established that petitioner and Kirby W. Loftin signed an antenuptial contract prior to their marriage in 1958. The contract was lost when Kirby W. Loftin's office was burglarized in 1968, and the parties executed a duplicate antenuptial contract, stating that it embodied substantially the same terms of the 1958 agreement. The 1968 agreement provided in pertinent part:

*"Second:* That the party of the second part hereby releases, renounces, and quitclaims, all dower and all other rights in the real property, and all right to participate in the distribution of the personal property, and all claims for a year's allowance in the property of the said party of the first part, should she survive him, both as to property now owned by

In re Estate of Loftin

him and property hereafter acquired, together with the right to administer on his estate."

Petitioner denied that she was privately examined, although the Clerk of Superior Court's signature appears on his certificate as to the privy examination of the petitioner. In addition, the Clerk testified that he remembered the transaction because it was the only occasion on which a duplicate antenuptial contract had been presented to him. Petitioner admits having signed the original contract in 1958 and the duplicate in 1968, although she alleges that she did not understand either. It was stipulated that all signatures on the duplicate antenuptial contract are genuine.

The court held that there was no genuine issue of material fact and entered summary judgment as to the dissent and as to the application for year's allowance. From the entry and signing of judgment, petitioner appealed.

*Donald P. Brock for petitioner appellant.*

*Jeffress, Hodges, Morris and Rochelle, P.A., by A. H. Jeffress, for respondent appellee.*

MORRIS, Judge.

G.S. 52-10 provides that married persons may, subject to the provisions of G.S. 52-6 release any of the rights they may by marriage acquire in the property of each other. G.S. 52-6 provides that no separation agreement or contract between married persons affecting the real estate of the wife shall be valid unless acknowledged before a certifying officer who shall privately examine the wife. The Supreme Court held in *Turner v. Turner*, 242 N.C. 533, 89 S.E. 2d 245 (1955), that an antenuptial contract executed between parties mutually releasing the prospective interest of each in the property of the other, is valid when acknowledged before the Clerk of Superior Court who incorporates in his certificate a finding that the agreement is not unreasonable or injurious to the wife. An antenuptial contract is also effective as a bar to the right of the wife to recover a year's support. *Perkins v. Brinkley*, 133 N.C. 86, 45 S.E. 465 (1903). The effect of these decisions and the above statutes is to require a "privy exam" for the validity of an antenuptial contract, and, by implication, to make applicable to antenuptial contracts the appellate decisions regarding separation agreements and contracts affecting real estate of the wife.

[1] A married woman may attack a certificate of acknowledgment and a privy exam upon grounds of mental incapacity, infancy or fraud. *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562 (1968). The certificate of the Clerk is conclusive except for fraud. *Tripp v. Tripp,* 266 N.C. 378, 146 S.E. 2d 507 (1965).

A separation agreement acknowledged pursuant to G.S. 52-6 can be set aside if induced by fraud. The petitioning party must, however, allege *"facts* which, if found to be true, permit the legitimate inference that the defendant induced the plaintiff by fraudulent misrepresentations to enter into the contract which but for the misrepresentations she would not have done. If the pleading alleges conclusions rather than facts, it is insufficient to raise an issue of actual fraud." *Van Every v. Van Every,* 265 N.C. 506, 512, 144 S.E. 2d 603 (1965). As we have stated, the requirements for a successful attack on an acknowledged separation agreement are apposite to antenuptial contracts.

Petitioner in the case *sub judice* alleges that:

"Misrepresentations were made to the widow at the time said contract was purportedly executed, both as to the assets of the deceased and as to the contents and meaning of said contract. That the execution of said contract was obtained through coercion and was in fact injurious and unfair to the undersigned widow."

While this allegation purports to attack the Clerk's certificate on the basis of fraud in the procurement of the contract, it is questionable whether it sufficiently alleges the fraud.

G.S. 1A-1, Rule 9(b) provides in pertinent part:

"In all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

This rule codifies a rule applied without a specific code directive under former practice. N.C.R. Civ. P. 9, Comment. Prior to the new rules, evidence of fraud, however complete, could not be submitted to the jury without allegations which, if true, would constitute fraud. *Mangum v. Surles,* 281 N.C. 91, 187 S.E. 2d 697 (1972). In order to comply with Rule 9(b), the pleadings must state the facts to be relied upon to establish fraud, duress or mistake. *Id.*

Under the former practice, it was held that the following elements must be alleged in order to constitute a sufficient allegation of fraud: The intent to deceive [*Calloway v. Wyatt,* 246 N.C. 129, 97 S.E. 2d 881 (1957)]; the specific false representations that were made [*Fulton v. Talbert,* 255 N.C. 183, 120 S.E. 2d 410 (1961)]; that the defrauded party relied upon the misrepresentations to his detriment [*Products Corporation v. Chestnutt,* 252 N.C. 269, 113 S.E. 2d 587 (1960)].

[2] Petitioner's allegations amount to a mere conclusion that the antenuptial contract was fradulently procured. Such allegations were not sufficient before the adoption of the current rules, and they are not sufficient under Rule 9(b), which is a codification of the former case law. Since petitioner has failed to allege the specific facts she intends to rely upon in establishing fraud, her pleadings have not raised a genuine issue of material fact in this regard.

[3] Even if petitioner were not barred by the valid antenuptial contract, she would be estopped to dissent inasmuch as she accepted a $5,000 bequest and a life estate in the home from the estate. A person designated as a beneficiary cannot take under the instrument and at the same time assert a title or claim in conflict with the same writing. *Rouse v. Rouse,* 238 N.C. 568, 78 S.E. 2d 451 (1953). Having accepted benefits—$5,000 and a life estate in the "home place"—petitioner may not repudiate the will and take her intestate share.

The judgment of the trial court is correct in holding that the pleadings and interrogatories presented no genuine issue of material fact and that respondent was entitled to judgment as a matter of law.

No error.

Judge CAMPBELL concurs.

Judge VAUGHN dissents.