GERALDINE A. BEST, Plaintiff-Appellant v. FORD MOTOR COMPANY, SAM JOHNSON'S LINCOLN MERCURY, INC. AND TRW, INC., Defendants-Appellees

COA00-1083

(Filed 28 December 2001)

## 1. Release— mutual mistake—conclusory statements— insufficient

The trial court properly granted Ford's motion for summary judgment in an action arising from an automobile accident where plaintiff had signed a release as to the other driver, his employer, and "all other persons, firms and corporations" but contended that it resulted from mutual mistake. Upon defendants' motions for summary judgment based upon the release, the burden shifted to plaintiff to produce a forecast of evidence demonstrating specific facts as opposed to allegations. Plaintiff merely offered conclusory statements that the release was executed under conditions amounting to mutual mistake and failed to state with particularity the circumstances surrounding the alleged mutual mistake.

BEST v. FORD MOTOR CO.

[148 N.C. App. 42 (2001)]

**2. Release— unintended—no evidence of mutual mistake**

The trial court properly granted summary judgment for the dealer which sold plaintiff her car and the manufacturer of the air bag which injured her where she had signed a covenant releasing certain parties and "all other persons, firms and corporations." Although plaintiff argued that she never intended to release these parties, she presented no evidence of mutual mistake.

Judge GREENE dissenting.

Appeal by plaintiff from order entered 22 May 2000 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 August 2001.

*Wallace & Graham, P.A., by Richard J. Lutzel, for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Kirk G. Warner and Johanna Searle Fowler, for defendant-appellee Ford Motor Co.*

*Lawrence M. Baker, for defendant-appellee Sam Johnson's Lincoln Mercury, Inc.*

*Nelson, Mullins, Riley & Scarborough, L.L.P., by Paul J. Osowski, and Lord, Bissell & Brook, by David R. Reed, for defendant-appellee TRW, Inc.*

BRYANT, Judge.

Plaintiff, Geraldine A. Best, and her husband were injured on 4 September 1996 when their 1995 Ford Lincoln Town car was struck by a vehicle driven by Roderick Lane Hart, an employee of Westport Corporation. The passenger-side air bag deployed, striking plaintiff in the face and causing serious bodily injury. The air bag was designed and manufactured by TRW, Inc. Plaintiff's car was purchased from Sam Johnson's Lincoln-Mercury, Inc., which had purchased the car from Ford.

On 1 August 1997, plaintiff and her husband signed a Covenant Not to Execute [Covenant][1] in consideration of $25,000. The

---

1. There are two release documents discussed throughout this opinion. The term "Covenant" refers to a document titled "Covenant Not to Execute," which was signed 1 August 1997. The term "Release" refers to the document titled "Release and Settlement" signed in December 1997.

Covenant released Hart, Hart's wife, Nationwide Mutual Insurance Company (Hart's insurer), and "all other persons, firms and corporations *except* the Westport Corporation, [and] Ford Motor Company" or their insurance carriers (emphasis added). Several months later, plaintiff and her husband settled with Hart and his employer, Westport, for $175,000. At that time, the Bests signed a Release and Settlement [Release] provided by Westport's insurance company, Crum & Forster Insurance Co., Inc., (Crum & Forster Insurance). The Release specifically released "Roderick Hart and Westport Corporation," as well as "all other persons, firms and corporations . . . from any and all actions, claims and demands, whatsoever which claimant [has] on account of or arising out of [the accident]." Unlike the earlier Covenant, the December 1997 Release did not include any exceptions.

On 4 August 1999 plaintiff filed this action against Ford, Sam Johnson's and TRW, alleging, inter alia, negligence and breach of warranty. Ford, Sam Johnson's and TRW filed motions for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. N.C.G.S. § 1A-1, Rule 56 (1999). The trial court granted defendants' motions after finding that both the Covenant and Release were binding. Therefore, plaintiff waived her rights to bring subsequent actions arising out of the accident. Plaintiff appealed.

The sole issue presented in this case is whether the trial court erred in granting defendants' motions for summary judgment after determining there was no genuine issue of material fact as to whether a mutual mistake of fact existed when the parties executed the Release. We hold the trial court did not err. Accordingly, we affirm.

## I. Releases, Covenants and Summary Judgment

Upon motion, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1999). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). An issue is genuine if it is supported by substantial evidence. *Id.* The moving party has the burden of proving that a genuine issue of material fact does not exist. *Pembee Mfg. Corp. v. Cape Fear*

*Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). Once the moving party makes the required showing, "the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000), *cert. denied*, —— U.S. ——, 122 S. Ct. 345, 151 L. Ed. 2d 261 (2001). The court must examine the moving party's evidence and resolve all inferences against the moving party. *Id.*

A release is a "formal written statement reciting that the obligor's duty is immediately discharged." E. Allan Farnsworth, *Contracts* § 4.24 (2d ed. 1990). A release given for valuable consideration is a complete defense to a claim for damages due to injuries. *Cunningham v. Brown*, 51 N.C. App. 264, 276 S.E.2d 718 (1981). Releases and covenants not to sue are treated the same under the Uniform Contribution Among Tort-feasors Act (Act). *See* N.C.G.S. § 1B-4 (1999). Under the Act, a release or covenant not to sue that is given in good faith to one or more persons liable for the same injury does not discharge other tortfeasors, unless otherwise provided. *Id.* However, absent other evidence, a release that releases all other persons or entities is valid. *Cunningham v. Brown*, 51 N.C. App. 264, 269, 276 S.E.2d 718, 723 (1981) (citing *Caudill v. Chatham Mfg. Co.*, 258 N.C. 99, 102, 128 S.E.2d 128, 130 (1962)).

A release may be avoided upon evidence that it was executed as a result of fraud or mutual mistake. As this Court stated in *Cunningham v. Brown*, 51 N.C. App. 264, 276 S.E.2d 718 (1981), a motion for summary judgment may be avoided if affidavits submitted in opposition to the motion create a genuine issue of material fact regarding the parties' intentions in releasing unnamed tortfeasors. *Id.* at 273, 276 S.E.2d at 725 (1981) (citing *Evans v. Tillet Bros. Constr. Co.*, 545 S.W.2d 8, 12 (Tenn. Ct. App. 1976)). In *Cunningham*, plaintiffs, who were husband and wife, were injured when a tractor-trailer changed lanes into the lane in which they were traveling on a motorcycle. Defendant requested an admission that plaintiffs' insurance carrier had paid plaintiffs $4975. When plaintiffs failed to answer, defendant moved for summary judgment against plaintiff wife on the grounds that the request for an admission was deemed admitted because of plaintiff wife's failure to answer. Plaintiff wife submitted an affidavit stating that the insurance adjuster delivered a check and a document requiring a signature, and that plaintiff wife thought she was signing a receipt for a check. The adjuster allegedly told plaintiff

wife that the dealings between plaintiff wife and the insurance company would not affect claims against other defendants. *Id.* at 266, 276 S.E.2d at 721. The trial court held that the parol evidence rule barred the admission of the affidavit. *Id.* at 270, 276 S.E.2d at 724. This Court reversed, holding that the affidavit was admissible to show that the release was procured under circumstances amounting to fraud or mutual mistake. *Id.* at 274, 276 S.E.2d at 726.

## II. Ford Motor Company

[1] We first address the effect of the December Release on Ford's liability since Ford was expressly excepted from the August Covenant. The Release stated in pertinent part that plaintiffs "hereby [r]emise, [r]elease and [f]orever [d]ischarge Roderick Hart and Westport Corporation . . . [and] all other persons, firms and corporations whomsoever of and from any and all actions, claims and demands, whatsoever which claimant now [has] . . . on account of or arising out of [the] accident. . . ." Plaintiff argues that a mutual mistake existed at the execution of the Release which specifically discharged Hart and Westport in December 1997.

Plaintiff bases her argument on her March 2000 affidavit and the April 2000 affidavit of Jack Chappell, *former* adjuster for Crum & Forster Insurance. In her affidavit plaintiff states that "[a]t no time did I agree to, nor did I intend to release Ford Motor Company, Sam Johnson's Lincoln Mercury, Inc. or TRW, Inc." Jack Chappell states in his affidavit that "[a]t no time was it the intention of Crum & Forster Insurance to absolve Ford Motor Company, Sam Johnson's Lincoln Mercury, or TRW, Inc. from any potential liability owed to Geraldine Best." He further stated that "at no time was it the intention of Crum & Forster Insurance to include in the Release and Settlement any other company or corporation not specifically mentioned therein." The affidavits were sworn in March and April 2000, respectively.

Ford, on the other hand, argues that the Release was unambiguous and executed in the presence of plaintiff's attorney. Furthermore, plaintiff had a duty to read the Release and is charged with knowledge of its contents. Ford also argues that the fact that plaintiff and her attorney had specifically excluded Ford and Westport from the Covenant indicates there was no mutual mistake as to the Release.

Ford further argues that plaintiff failed to present clear and convincing evidence of mutual mistake. Mutual mistake is " 'a mistake common to *all* the parties to a written instrument . . . [which] usually

relates to a mistake concerning its contents or its legal effect.' " *Sykes v. Keiltex Indus., Inc.,* 123 N.C. App. 482, 486, 473 S.E.2d 341, 344 (1996) (alteration in original) (emphasis added) (quoting *M.P. Hubbard & Co. v. Horne,* 203 N.C. 205, 208, 165 S.E. 347, 349 (1932)). Here, Ford argues that plaintiff failed to show mutual mistake because she failed to submit any evidence that Hart and Westport—the other parties to the Release—were mistaken as to the effect of the Release.

We find this argument persuasive. As we discussed in *Cunningham,* the parol evidence rule does not bar the admission of affidavits to show mutual mistake or fraud. Because a mutual mistake is one that is common to *all the parties to a written instrument, Sykes,* 123 N.C. App. at 486, 473 S.E.2d at 344, the party raising the defense must state with particularity the circumstances constituting mistake as to all of the parties to the written instrument.

In the case at bar, plaintiff submitted affidavits in support of her argument that there was a mutual mistake as between herself and Crum & Forster Insurance, which represented Hart and Westport, the other parties to the Release. We find these affidavits, which lack particularity, to be insufficient to withstand a motion for summary judgment. Upon defendants' motions for summary judgment based on the release, the burden shifted to plaintiff "to produce a forecast of evidence demonstrating *specific facts, as opposed to allegations,* showing that [s]he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway,* 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000), *cert. denied,* —— U.S. ——, 122 S. Ct. 345, 151 L. Ed. 2d 261 (2001) (emphasis added). Plaintiff, in her affidavit, merely states that she never intended to release Ford, Sam Johnson's or TRW. Specifically, plaintiff states that "if any language in the Release can be construed in a manner to apply to Ford Motor Company, Sam Johnson's Lincoln Mercury, Inc. or TRW, Inc., it is only through mutual mistake." Similarly, Jack Chappell merely alleged in his affidavit that Crum & Forster Insurance never intended to release any party not specifically mentioned in the Release. Plaintiff's affidavit contains conclusory statements that the Release was executed under conditions which amounted to mutual mistake. To raise a genuine issue of material fact, plaintiff must allege specific facts upon which she intends to rely in establishing mutual mistake. *See In re Loftin's Estate,* 21 N.C. App. 627, 631, 205 S.E.2d 574, 576, *aff'd,* 285 N.C. 717, 208 S.E.2d 670 (1974).

Plaintiff argues that *Peede v. Gen. Motors Corp.*, 53 N.C. App. 10, 279 S.E.2d 913 (1981), is on point and supports her contention. We disagree. In *Peede*, the plaintiff, a passenger in a car owned and being driven by his brother, was injured in a collision with another car. The plaintiff's brother's car was manufactured by General Motors Corporation [GMC]. The plaintiff settled with his brother and the brother's insurance company. The agreement released "all other tort feasors" from liability. The plaintiff then sued GMC and the driver of the other car. The defendants moved for summary judgment on the grounds that plaintiff's claim was barred by the release in the settlement agreement. The plaintiff also moved for summary judgment on the grounds that there was a mutual mistake as to the language in the release. The plaintiff, in support of his motion, submitted affidavits from himself and his brother's insurance adjuster. The trial court granted defendants' motion for summary judgment.

This Court reversed, holding that the affidavits and other materials offered by the plaintiff in opposition to the defendants' motion were sufficient to raise a genuine issue of material fact as to whether a mutual mistake existed when the parties executed the release. *Id.* at 17, 279 S.E.2d at 918. The Court relied in part on the affidavits submitted by the plaintiff and the insurance adjuster. Specifically, the plaintiff testified that the insurance adjuster told her that "it is a release which releases your brother only." *Id.* at 13, 279 S.E.2d at 916. Similarly, the insurance adjuster testified in his affidavit:

> I told [the plaintiff] and made it perfectly clear to [him] and his wife that this was releasing only [the insurance company and the plaintiff's brother]. That was my intent, and as far as I know, that was Mr. Peede's intent.
>
> . . . .
>
> . . . My only intent was to release his brother and [the insurance company]. . . .

*Id.* at 15, 279 S.E.2d at 917. The insurance adjuster further testified that "[t]he words 'all other' tort feasors in the fifth line was mistakenly left in and included in the release." *Id.* at 16, 279 S.E.2d at 917.

Unlike the plaintiff in *Peede*, plaintiff in the case at bar has failed to state with particularity the circumstances surrounding the alleged mutual mistake. Neither plaintiff's affidavit nor that of Jack Chappell indicated any conversation contemporaneous with the signing of the Release that would indicate mutual mistake of fact; plaintiff merely

BEST v. FORD MOTOR CO.

[148 N.C. App. 42 (2001)]

offers statements from herself and Chappell that they never intended to release anyone other than Hart and Westport. Further, we are not convinced that an affidavit, signed over three years after the execution of the Release, by a *former* claims adjuster, can appropriately state the intent of the company when the Release was executed. This is insufficient to produce a forecast of evidence demonstrating specific facts to show that plaintiff could establish a prima facie case at trial. Thus, the trial court properly granted Ford's motion for summary judgment.

### III. Sam Johnson's Lincoln Mercury, Inc.

[2] Plaintiff argues that she never intended to release Sam Johnson's. In her affidavit, plaintiff stated:

> 4. That prior to filing a lawsuit, I reached an agreement with the insurance company for Roderick Hart and his employer, Westport Corporation. The insurance company was Crum & Forster Insurance Company.

> 5. That as part of the agreement, I signed a Release and Settlement Form, provided to me by Crum & Forster, that released Roderick Hart and Westport Corporation form [sic] further liability.

> 6. At no time did I agree to, nor did I intend to release Ford Motor Company, Sam Johnson's Lincoln Mercury, Inc. or TRW, Inc.

According to Chappell's affidavit, the Release was executed on or about 23 December 1997. The Covenant Not to Execute was executed several months earlier on 1 August 1997.

It is clear from the record and plaintiff-appellant's brief that plaintiff alleges mutual mistake only as to the December Release and Settlement. Because the Release was executed several months after the Covenant, we must address whether the Covenant released Sam Johnson's from liability.

As we stated earlier in this opinion, a release or covenant not to sue that is given to one or more persons liable for the same injury does not discharge other tortfeasors, if given in good faith. N.C.G.S. § 1B-4 (1999). However, absent other evidence, a release which releases all other persons or entities is valid. *Cunningham v. Brown*, 51 N.C. App. 264, 269, 276 S.E.2d 718, 723 (1981) (citing *Caudill v. Mfg. Co.*, 258 N.C. 99, 102, 128 S.E.2d 128, 130 (1962)). The Covenant Not to Execute in the case at bar provided that plaintiff agreed to:

release and discharge . . . Kristen and Roderick Hart and Nationwide Mutual Insurance Company, . . . *and all other persons, firms and corporations* except the Westport Corporation, Ford Motor Company or any Insurance Carrier providing coverage to Westport Corporation, Ford Motor Company their heirs, executors, administrators, successors, assigns, employees, bailees, agents and servants from all and all manner of actions, causes of action, suits, debt, accounts, judgments, claims and demands whatsoever in law or equity as a result of, growing out of or in any way connected with any and all injuries both to persons and/or damages to property resulting or to result or which might result in the future from an accident which occurred on or about the 4th day of September, 1996, at or near Gastonia, North Carolina . . . .

(emphasis added). The Covenant specifically excluded Westport and Ford. However, Sam Johnson's fell within the catch-all phrase, "and all other persons, firms and corporations." Therefore, Sam Johnson's was released and discharged by Plaintiff's Covenant.

Plaintiff presents no evidence regarding mutual mistake as to the Covenant. The scope of review on appeal is limited to consideration of the assignments of error set out in the Record on Appeal. N.C. R. App. P. 10(a). Because the Covenant released Sam Johnson's from liability, the subsequent Release and Settlement had no effect on Sam Johnson's. Accordingly, the trial court properly granted Sam Johnson's motion for summary judgment.

### IV. TRW, Inc.

Plaintiff also argues that she never intended to release TRW, Inc. For the reasons stated in the discussion of Sam Johnson's motion for summary judgment, we hold that the trial court properly granted TRW's motion for summary judgment.

### V. Conclusion

The trial court did not err in finding the Covenant and Release signed by plaintiff were binding, and in granting defendants' motions for summary judgment. As to Ford, plaintiff failed to present adequate evidence of mutual mistake as to all the parties to the Release. As to Sam Johnson's and TRW, plaintiff failed to assign error to the trial court's granting of summary judgment on the grounds that the Covenant was executed under mutual mistake. Accordingly, we must affirm.

## BEST v. FORD MOTOR CO.

[148 N.C. App. 42 (2001)]

Affirmed.

Judge CAMPBELL concurs.

Judge GREENE dissents with a separate opinion.

GREENE, Judge, dissenting.

As I believe a genuine issue of material fact exists as to whether the Release and the Covenant were executed under circumstances amounting to mutual mistake, I respectfully dissent.

"A release, like any other contract, is subject to avoidance by a showing that its execution resulted from . . . mutual mistake of fact." *Cunningham v. Brown*, 51 N.C. App. 264, 269, 276 S.E.2d 718, 723 (1981). A mistake of fact occurs if a release fails to accomplish the result intended by the parties to the release.[2] *Id.* at 273-74, 276 S.E.2d at 726. Thus, if affidavits are submitted which would permit a finding that the parties to the release intended to release only a certain party or individual, but the actual release contains "language contrary to this mutual agreement and intention in that by its terms it released other joint tortfeasors as well," a genuine issue of fact is raised precluding entry of summary judgment. *Id.* at 273, 276 S.E.2d at 726. Although it may be determined at trial " 'that the weight of the evidence compels the conclusion that the language of the release instrument must prevail or that [the release] is consistent with the intention of the parties, the existence of [a] genuine issue of fact precludes a determination of the matter upon the record.' " *Id.* (quoting *Evans v. Tillett Bros. Constr. Co.*, 545 S.W.2d 8, 12 (Tenn. App.), *cert. denied* (Tenn. 1976)).

In this case, Plaintiff stated in her affidavit that, as part of the settlement agreement with Hart and Westport, she "signed a Release and Settlement Form . . . that released Roderick Hart and Westport Corporation from further liability." At no time did Plaintiff "agree to, nor did [she] intend to release Ford Motor Company, Sam Johnson's Lincoln Mercury, Inc. or TRW, Inc" from liability. Moreover, Jack Chappell (Chappell),[3] an insurance adjuster for Crum & Forster

---

2. As a general proposition, the parties to a release are the releasor, the one who releases her claim, and the releasee, the one who is released from the claim. If a release is secured for the releasee by his insurance representative, the insurance representative is a party to the release, in lieu of the releasee.

3. The majority finds "persuasive" Ford's argument that "Plaintiff failed to show mutual mistake because she failed to submit any evidence that Hart and Westport—the

Insurance Company (the insurance company that insures Westport and its employees acting within the course and scope of their employment), stated in his affidavit that the settlement was reached "on behalf of Westport Corporation and Roderick Hart." Moreover, at the time the Release was signed, it was not the "intention of Crum & Forster Insurance to include in the Release . . . any other company or corporation not specifically mentioned therein." Crum & Forster did not intend "to absolve Ford Motor Company, Sam Johnson's Lincoln Mercury, or TRW, Inc." from liability. Viewing this evidence in the light most favorable to Plaintiff, I believe a genuine issue of fact exists as to whether the Release was executed under circumstances amounting to mistake of fact.[4] Accordingly, summary judgment was improperly granted.

───────────

other parties to the Release—were mistaken as to the effect of the Release." I disagree. Hart and Westport were not parties to the Release. In any event, this Court has held that sufficient evidence of mutual mistake exists where the plaintiff and the insurance adjuster for the defendant's insurance company submit affidavits alleging mutual mistake, even without evidence from the releasee. See Cunningham, 51 N.C. App. at 274, 276 S.E.2d at 726 (affidavit by plaintiff-wife was sufficient to raise a genuine issue of fact); see also Peede v. General Motors Corp., 53 N.C. App. 10, 13-17, 279 S.E.2d 913, 916-17 (affidavits of plaintiff, his wife, and the insurance adjuster were sufficient to raise a genuine issue of material fact), disc. review denied, 304 N.C. 196, 285 S.E.2d 100 (1981).

4. Although the Covenant did not specifically exclude Sam Johnson's and TRW, Plaintiff and Chappell both have stated in their affidavits that neither intended to release Sam Johnson's and TRW from liability. Accordingly, a genuine issue of material fact also exists as to whether the Covenant was executed under circumstances amounting to mistake of fact.