JOHN V. WATSON, Plaintiff,
v.
WILLIE L. SNEAD and PHYLLIS SNEAD both individually and d/b/a HOPE CHILD CARE AND DEVELOPMENT and NICHOLAS JOHANNES SLABBERT, Defendants.
No. COA05-813
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Johnston County No. 04 CVS 1660.
Levinson Law Firm, P.A., by James R. Levinson, for plaintiff-appellant.
Mast, Schulz, Mast, Mills, Johnson & Wells, P.A., by George B. Mast and Bradley N. Schulz, for defendant-appellees.
SMITH, Judge.
John V. Watson ("plaintiff") appeals an order of the trial court granting the motion of Willie L. Snead ("Mr. Snead") and Phyllis Snead ("Mrs. Snead") (hereinafter referred to collectively as "defendants") for summary judgment. For the reasons stated herein, we affirm.
The pertinent factual and procedural history is as follows:
On 10 June 2004, plaintiff filed a complaint alleging a violation of the Securities Act, fraud, constructive fraud, fraudulent inducement, breach of fiduciary duty, and unfair and deceptive trade practices by defendants in the marketing and sale of a "high yield trading program" also characterized by plaintiff as a "Ponzi" scheme. Defendants' answer included the affirmative defense of a release executed by plaintiff and Mr. Snead on 28 January 2002. Defendants submitted a request for admission in which they requested plaintiff admit the release was signed and initialed by plaintiff and defendant Willie Snead and notarized by Jennifer B. Mooring. Plaintiff admitted the release was signed and initialed by plaintiff and defendant Willie Snead. Thereafter, defendants moved for summary judgment for the reasons that Mrs. Snead had no business dealings with plaintiff and the release was a bar to plaintiff's claims against Mr. Snead. Plaintiff filed an affidavit in opposition to defendants' motion alleging his signature on the release was obtained by fraud and that Mrs. Snead had frequent contact with him concerning the subject matter of the law suit. The trial court granted summary judgment for defendant Willie Snead and defendant Phyllis Snead. Plaintiff appeals.
On appeal, plaintiff assigns as error the trial court's grant of summary judgment for defendants. Specifically, plaintiff contends there is a genuine issue of material fact as to whether the release was obtained by fraud.
As an initial matter, we note plaintiff did not assign error to the grant of summary judgment in favor of Mrs. Snead. Therefore, that portion of the trial court's order granting summary judgment in favor of Mrs. Snead is not before this Court on appeal. Our review is limited to whether the trial court erred by granting summary judgment in favor of defendant Willie Snead.
"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citing Wilmington Star News, Inc. v. New Hanover Regional Medical Center, Inc., 125 N.C. App. 174, 178, 480 S.E.2d 53, 55, appeal dismissed, 346 N.C. 557, 488 S.E.2d 826 (1997)). See also N.C.R. Civ. P. 56(c). "A summary judgment movant bears the burden of establishing the lack of any triable issue[.]" Schmidt v. Breeden, 134 N.C. App. 248, 251, 517 S.E.2d 171, 174 (1999). "A defendant who moves for summary judgment may meet this burden by showing either that (1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff cannot produce evidence to support an essential element of its claim; or (3) plaintiff cannot surmount an affirmative defense raised in bar of its claim." Lyles v. City of Charlotte, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), rev'd on other grounds, 344 N.C. 676, 477 S.E.2d 150 (1996). "If the moving party meets this burden, the party who opposes the motion for summary judgment must either assume the burden of showing that a genuine issue of material fact for trial does exist or provide an excuse for not so doing." Zimmerman v. Hogg & Allen, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974). "[A] genuine issue is one which can be maintained by substantial evidence." McNair v. Boyette, 282 N.C. 230, 235, 192 S.E.2d 457, 460 (1972).
In the instant case, defendants pled a release executed by plaintiff on 28 January 2002 as a bar to plaintiff's claim against Mr. Snead. The release provides that Mr. Snead's agreement to and signature thereon
constitut[es] repayment in kind of all of [Mr. Snead's] loan debts to [plaintiff], and [plaintiff] agree[s] to release [Mr. Snead] from all and any further obligations to [plaintiff], . . . and [plaintiff] agree[s] not to proceed against [Mr. Snead] in any court of law.
Plaintiff admitted he signed the release in response to defendants' request for admission. The release is a valid release which by its terms constitutes a bar to plaintiff's claims against defendant Willie Snead. See Sykes v. Keiltex Industries, Inc., 123 N.C. App. 482, 485, 473 S.E.2d 341, 344 (1996).
A release, however, is subject to avoidance by a showing that it was obtained by fraud. Cunningham v. Brown, 51 N.C. App. 264, 269, 276 S.E.2d 718, 723 (1981). In the instant case, plaintiff sought to raise the issue of fraud in his affidavit filed in opposition to defendants' motion for summary judgment. In the affidavit, plaintiff states, "[M]y signature was fraudulently obtained thereon." We hold the affidavit does not meet the particularity requirement of Rule 9(b) of the Rules of Civil Procedure and is insufficient to create a question of material fact as to whether plaintiff's signature on the release was obtained by fraud. N.C.R. Civ. P. 9(b) (2003) provides in pertinent part: "In all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Our Supreme Court has stated, "The particularity required by the rule generally encompasses the time, place and contents of the fraudulent representation, the identity of the person making the representation and what was obtained by the fraudulent acts or representations. The particularity required cannot be satisfied by using conclusory language[.]" Terry v. Terry, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981).
In the instant case, plaintiff's affidavit merely contains the conclusory statement, "[M]y signature was fraudulently obtained thereon." The statement is insufficient to raise an issue of material fact sufficient to withstand a motion for summary judgment. Once defendant Willie Snead met his burden by establishing the release as a bar to plaintiff's claim, plaintiff was required "to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that []he can at least establish a prima facie case at trial." Best v. Ford Motor Co., 148 N.C. App. 42, 47, 557 S.E.2d 163, l66 (2001) (quotation and citation omitted). Plaintiff failed to allege specific facts upon which he intends to rely in establishing fraud in obtaining the release. Thus, the trial court properly granted defendants' motion for summary judgment.
Affirmed.
Judges BRYANT and CALABRIA concur.
Report per Rule 30(e).