EDWARD O. JONES, PLAINTIFF v. E. L. COLLINS, DEFENDANT AND THIRD-PARTY PLAINTIFF v. ARCHIE THOMAS WEBB, JR., THIRD-PARTY DEFENDANT

No. 8113SC926

(Filed 7 September 1982)

**Automobiles and Other Vehicles § 95.2; Torts § 4.3— driver as agent of plaintiff— dismissal of third-party claim against driver—submission of issue as to negligence of driver**

In an action in which the parties stipulated that the third-party defendant driver was acting as the agent of plaintiff at the time of the collision in question, the trial court did not err in submitting an issue as to the negligence of the third-party defendant after the court had dismissed the original defendant's third-party claim against him, since the dismissal of the third-party

claim did not determine the question of the third-party defendant's contributory negligence which would be imputed to plaintiff. G.S. 1A-1, Rule 14(a).

APPEAL by plaintiff from *Trest, Judge.* Judgment entered 29 May 1981 in District Court, BRUNSWICK County. Heard in the Court of Appeals 9 April 1982.

This is an action for personal injury received in an automobile collision. The plaintiff alleged he was a passenger in his own automobile, which was being driven by Archie Thomas Webb, Jr., on 25 May 1980 in a westerly direction on Highway 29 in Mecklenburg County where the vehicle was struck in the rear by a 1973 Lincoln Continental driven negligently by the defendant, E. L. Collins. In his answer, the defendant Collins denied he was negligent and pled the negligence of Archie Thomas Webb, Jr. as the sole cause of the plaintiff's injuries. The original defendant made Archie Thomas Webb, Jr. a third-party defendant and pled Webb's negligence as the sole cause of the accident. He pled in the alternative that if the jury should find that he was negligent then Webb's negligence contributed to the plaintiff's injuries and he asked for contribution from Webb.

The plaintiff and Archie Thomas Webb, Jr. testified for the plaintiff. Each of them testified that Webb was driving the plaintiff's automobile in a westerly direction on Highway 29 in the left-hand lane of a three-lane road. Webb was driving at approximately 15 miles per hour looking for an opening in the median in order to turn through and proceed in an easterly direction. Each of them testified that while Webb was so driving the plaintiff's automobile, it was struck in the rear by an automobile driven by the original defendant. Webb testified that he had given a left turn signal before the collision.

E. L. Collins and Mary Edwards, who was a passenger in Mr. Collins' automobile at the time of the accident, testified that Mr. Collins was driving Mr. Collins' automobile in a westerly direction on Highway 29. Each of them testified that Mr. Collins was in the left lane of a three-lane highway when the vehicle being driven by Mr. Webb moved from the right lane to a position directly in front of Mr. Collins' automobile without giving a signal. They testified further that the automobile being driven by Mr. Webb

stopped just after it pulled in front of Mr. Collins' vehicle so that Mr. Collins could not avoid the collision.

The parties stipulated that Webb was acting as the agent of the plaintiff at the time of the collision.

At the end of all the evidence, the court granted a motion by the third-party defendant that the third-party claim against him be dismissed.

The court submitted to the jury an issue as to whether the plaintiff was injured and damaged by the negligence of E. L. Collins and an issue as to whether the plaintiff was injured and damaged by the negligence of Webb. The jury answered both issues yes. The court allowed a motion by the original defendant to amend his answer to plead contributory negligence by Webb and entered judgment for the defendant. The plaintiff appealed.

*Walton, Fairley and Jess, by Ray H. Walton, for plaintiff appellant.*

*Stuart V. Carter for defendant appellee.*

WEBB, Judge.

The plaintiff assigns error to the submission of the negligence issue as to Archie Thomas Webb, Jr. after the court had dismissed the third-party action against him. The plaintiff argues that the third-party claim, under which the original defendant alleged the negligence of Webb was the cause of the accident, was dismissed. This established Webb was not negligent and it was error to let the jury find he was negligent.

We do not believe the dismissal of the third-party claim against Webb was a judicial determination that Webb was not negligent. G.S. 1A-1, Rule 14 provides in part:

"(a) *When defendant may bring in third party.*—At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Under this rule, an original defendant may bring in a third-party defendant for contribution to the original defendant for a part of his liability to the plaintiff. If the original defendant is not liable to the original plaintiff, the third-party defendant is not liable to the original defendant. In this case the parties stipulated that Archie Thomas Webb, Jr. was acting as the agent of the plaintiff at the time of the collision. If he were the plaintiff's agent, the plaintiff would be barred from recovery by Mr. Webb's negligence under the doctrine of respondeat superior. *See Morrow v. Railroad*, 213 N.C. 127, 195 S.E. 383 (1938). The court was correct in dismissing the third-party claim because if Webb were negligent, the plaintiff could not recover of the original defendant and if the original defendant were not liable to plaintiff, the original defendant could not recover of the third-party defendant. The dismissal of the third-party claim did not determine the question of Webb's negligence. That was done when the jury answered the issue of Webb's negligence which was submitted to them.

No error.

Judges WELLS and WHICHARD concur.