KAREN E. BLAUVELT, BY HER GUARDIAN AD LITEM, FRANK BLAUVELT, PLAINTIFF v. JOSEPH M. LANDING, CAPITAL CITY TRUCK GARAGE AND TRUCKING COMPANY, INC. AND LOUIS HOWARD WATKINS, DEFENDANTS v. WILLIAM FRANKLIN LANDING, ADDITIONAL DEFENDANT

No. 8310SC729

(Filed 5 June 1984)

**Torts § 7— release entered into by employer not barring claims of employee**

   In an action evolving from an automobile accident, appellant's employer's release of all claims against the driver of the automobile involved did not operate to bar appellant's claims against the same driver since appellant did not agree to the release and has taken no action which would bar his claim against the other driver.

APPEAL by defendant Louis Howard Watkins from *Bailey, Judge.* Judgment entered 10 March 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 12 April 1984.

This action grew out of an accident involving an automobile being driven by Joseph Landing and a truck owned by Capital City Truck Garage and Trucking Company, Inc., driven by Louis Howard Watkins. Karen Blauvelt, a passenger in the Landing automobile, sued Joseph Landing, Capital City, and Louis Watkins. Capital City and Louis Watkins cross-claimed against Joseph Landing. Capital City settled its action against Mr. Landing and released all claims it had against him.

Joseph Landing made a motion for summary judgment on Louis Watkins' claim against him which was allowed. Louis Watkins appealed.

*Hatch, Little, Bunn, Jones, Few and Berry, by E. Richard Jones, Jr., for defendant appellant Louis Howard Watkins.*

*Moore, Ragsdale, Liggett, Ray and Foley, by George R. Ragsdale and John N. Hutson, Jr., for defendant appellees Joseph M. Landing and William Franklin Landing.*

WEBB, Judge.

The question posed by this appeal is whether Louis Watkins, an employee of Capital City, is barred in his claim against Joseph Landing by a release signed by Capital City for all its claims aris-

ing from the accident. We hold that Mr. Watkins is not so barred. Capital City had no power to bar Mr. Watkins' claim whatever release Capital City may have signed. It was error to grant the motion for summary judgment on Mr. Watkins' claim against Joseph M. Landing.

The appellee contends that the release was for personal injury as well as for property damage and, for this reason, Mr. Watkins' personal injury claim as well as Capital City's property damage claim was released. It does not matter what claims were purportedly released. Mr. Watkins is not bound by it since he did not agree to it. We do not believe *Battle v. Clanton*, 27 N.C. App. 616, 220 S.E. 2d 97 (1975), *cert. denied*, 289 N.C. 613, 223 S.E. 2d 391 (1976); *Bradford v. Kelly*, 260 N.C. 382, 132 S.E. 2d 886 (1963); and *McNair v. Goodwin*, 262 N.C. 1, 136 S.E. 2d 218 (1964), relied on by the appellee, are applicable. Each of those cases involved some action by a party which would bar his claim. In this case, Mr. Watkins has taken no action which would bar his claim.

The appellee also argues that Capital City would be liable to Joseph Landing, if at all, under the theory of respondeat superior and that a valid release as to master or servant would also release the other. The appellee says that for this reason, Joseph Landing having released Capital City has also released Louis Watkins and the release is reciprocal so that Mr. Watkins is also barred. Mr. Watkins has not pled the release given by Capital City or otherwise attempted to take advantage of it. We do not believe he is barred by it.

We hold it was error to grant the motion for summary judgment.

Reversed and remanded.

Judges HILL and WHICHARD concur.