JOHNSON v. HUDSON

[122 N.C. App. 188 (1996)]

THOMAS JEFFREY JOHNSON, PLAINTIFF v. DANIEL RICHARD HUDSON AND JASON LAMAR HUDSON, DEFENDANTS v. TEDDY SHANE ZIMMERMAN, THIRD-PARTY DEFENDANT

No. COA95-593

(Filed 2 April 1996)

**Torts § 11 (NCI4th)— third-party defendant's execution of release in favor of defendants—plaintiff's UIM carrier not barred from pursuit of claim against third-party defendant**

The right of plaintiff passenger's UIM carrier, as unnamed defendant, to pursue a claim against the third-party defendant who was the owner/driver of the car in which plaintiff was injured could not be defeated by third-party defendant's action of executing a release in favor of defendants, the driver and the owner of the truck which collided into the rear of the car in which plaintiff was a passenger, since plaintiff's UIM carrier was entitled under N.C.G.S. § 20-279.21(b)(4) to assert all claims which could have been asserted by its insured.

**Am Jur 2d, Release § 34.**

**Liability insurer's settlement of claim against insured as bar to insured's tort action against person receiving settlement. 32 ALR2d 937.**

**Effect of settlement with and acceptance of release from one wrongful death beneficiary upon liability of tortfeasor to other beneficiaries or decedent's personal representative. 21 ALR4th 275.**

**Injured party's release of tortfeasor as barring spouse's action for loss of consortium. 29 ALR4th 1200.**

Appeal by third-party defendant and unnamed defendant/third-party plaintiff, Utica Mutual Insurance Company, from order entered 20 February 1995 by Judge William C. Gore, Jr., in Stanly County Superior Court. Heard in the Court of Appeals 26 February 1996.

*No brief for plaintiff.*

*No brief for defendants.*

**JOHNSON v. HUDSON**

[122 N.C. App. 188 (1996)]

*Bennett & Blancato, L.L.P., by William A. Blancato and Sherry R. Dawson, for unnamed defendant and third-party plaintiff-appellant/appellee, Utica Mutual Insurance Company.*

*Steven F. Blalock for third-party defendant-appellant, Teddy Shane Zimmerman.*

WYNN, Judge.

Plaintiff-passenger, Thomas Jeffrey Johnson, rode in a car owned and operated by the third-party defendant-appellant, Teddy Shane Zimmerman, when defendant, Daniel Richard Hudson, collided into the rear of the Zimmerman car. Mr. Johnson sued Mr. Hudson and the owner of the truck, Jason Lamar Hudson (hereinafter "defendants") alleging that he suffered bodily injury as a result of defendants' negligence.

Under N.C. Gen. Stat. § 20-279.21(b)(4) (1993), Mr. Johnson's underinsured motorist carrier, unnamed defendant and third-party plaintiff-appellee/appellant, Utica Mutual Insurance Company ("Utica"), answered denying that the defendants were negligent and also denying coverage. Later, Utica filed a third-party complaint against Mr. Zimmerman seeking contribution and alleging that Mr. Zimmerman's negligence joined with the negligence of the defendants to cause Mr. Johnson's injuries.

In response, Mr. Zimmerman moved for summary judgment contending that (1) no genuine issue of material fact existed as to his negligence and (2) a release barred Utica from seeking contribution from Mr. Zimmerman. The trial court denied summary judgment on the ground that no genuine issue of material fact existed as to Mr. Zimmerman's negligence, but granted summary judgment on the ground that the third-party claim was barred by a release. The trial court certified the issues for immediate appeal to this Court.

---

On appeal, Mr. Zimmerman challenges the trial court's denial of his motion for summary judgment on the ground that no genuine issue of fact existed as to his negligence. It is sufficient to state that the denial of his motion for summary judgment on that ground is interlocutory and must be dismissed. *See Fraser v. DiSanti,* 75 N.C. App. 654, 331 S.E.2d 217, *disc. review denied,* 315 N.C. 183, 337 S.E.2d 856 (1985) (holding that denial of motion for summary judgment is interlocutory even though trial judge had stated that there was no just reason for delay because denial of motion for summary

judgment was not a final determination of defendants' rights and the appeal did not affect defendants' substantial rights); N.C. Gen. Stat. § 7A-27 (1995).

The focal issue on appeal is whether the trial court erred in granting summary judgment in favor of Mr. Zimmerman on the ground that he had executed a release in favor of defendants. Finding error, we reverse.

N.C.G.S. § 20-279.21(b)(4) provides in relevant part:

Upon receipt of notice, the underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and without being named as a party *may participate in the suit as fully as if it were a party.*

(emphasis supplied).

This statute allows the underinsured insurance carrier to assert all claims that could have been asserted by its insured, the plaintiff. Mr. Zimmerman contends that his release to defendants barred a claim of contribution by Utica. He is correct on this point. N.C. Gen. Stat. § 1B-1(b) (1983) provides, "The right of contribution exists *only in favor of a tort-feasor* who has paid more than his pro rata share of the common liability . . . ." (emphasis supplied). Utica is not a tort-feasor. The specific language of N.C.G.S. § 1B-1(b) controls over the more general provision of N.C.G.S. § 20-279.21(b)(4). *Utilities Comm. v. Electric Membership Corp.*, 3 N.C. App. 309, 314, 164 S.E.2d 889, 892 (1969). Thus, while N.C.G.S. § 1B-1(b) prohibits a claim of contribution by Utica, N.C.G.S. § 20-279.21(b)(4) allows Utica to assert a direct claim that could have been asserted by its insured, Mr. Johnson.

In short, Utica's right to pursue a claim against Zimmerman cannot be defeated by Zimmerman's action of executing a release in favor of the Hudsons. *See Blauvelt v. Landing,* 68 N.C. App. 779, 315 S.E.2d 524 (1984) (holding that a release between two parties cannot bind a third-party who was a stranger to the release).

Because Utica may assert all claims that the insured can under N.C.G.S. § 20-279.21 (b)(4), we reverse the trial court's entry of summary judgment on the ground that the third-party claim was barred by the release given by Mr. Zimmerman to defendants.

We have examined the remaining contentions of Utica and Mr. Zimmerman and find no basis for relief in any of them.

Dismissed in part and reversed in part.

Chief Judge ARNOLD and Judge MARTIN, Mark D. concur.