VALERIE L. HUNTER AND TERRY HUNTER, PLAINTIFFS v. KENNETH RAY KENNEDY, DEFENDANT AND THIRD PARTY PLAINTIFF v. HAROLD EUGENE WILKES AND ADVANCED COFFEE SYSTEMS, INC., THIRD PARTY DEFENDANTS

No. COA96-1399

(Filed 2 December 1997)

### Insurance § 908 (NCI4th)— uninsured motorist coverage— insurer as unnamed defendant—third party complaint by insurer

The trial court correctly granted the third party defendants' motion to dismiss where plaintiff was involved in an automobile accident with defendant, who was driving an uninsured vehicle; plaintiff filed a complaint against defendant and plaintiff's uninsured motorist carrier filed an answer in accordance with N.C.G.S. § 20-279.21(b)(3)(a); and the insurer then filed a third party complaint asking for indemnity or contribution. The statutory language granting the uninsured carrier the right to defend the suit is clear and unambiguous and must be construed using the plain meaning of the language. Dictionaries define "defend" as contesting a claim or endeavoring to defeat a claim; filing a third party compliant is an affirmative claim and not an action taken in an effort to defeat the original claim.

---

HUNTER v. KENNEDY

[128 N.C. App. 84 (1997)]

Appeal by unnamed defendant Integon Indemnity Corporation from order filed 4 March 1996 by Judge E. Lynn Johnson in Wake County Superior Court. Heard in the Court of Appeals 22 October 1997.

*Walter L. Horton, Jr., and David K. Williams, Jr., for unnamed defendant appellant Integon Indemnity Corporation.*

*Smith & Holmes, P.C., by Robert P. Holmes, for third party defendants appellees Harold Eugene Wilkes and Advanced Coffee Systems, Inc.*

GREENE, Judge.

Unnamed defendant and third party plaintiff, Integon Indemnity Corporation (Integon), appeals from the trial court's order granting the third party defendants', Harold Wilkes (Wilkes) and Advanced Coffee Systems (ACS), motion to dismiss the third party complaint.

The facts are as follows: On 27 October 1988, Valerie L. Hunter (Hunter) was in a motor vehicle accident with Kenneth R. Kennedy (Kennedy) who was driving an uninsured vehicle. Hunter had uninsured motorist insurance coverage with Integon in the amount of $100,000 per person and $300,000 per occurrence. Hunter filed a complaint against Kennedy and Integon filed an answer to Hunter's complaint in the name of the uninsured motorist, Kennedy, in accordance with N.C. Gen. Stat. § 20-279.21(b)(3)(a). Integon was the unnamed party defendant. Integon filed a third party complaint, in the name of Kennedy, against Wilkes and ACS asking for indemnity or contribution. In the answer and the third party complaint, Integon admitted that Kennedy's automobile collided with Hunter's automobile but asserted that the collision was the result of the negligence of Wilkes, whose automobile had struck Kennedy causing him (Kennedy) to collide with Hunter.

The issue is whether an uninsured motorist carrier may, in defending an uninsured motorist pursuant to N.C. Gen. Stat. § 20-279.21(b)(3)(a), file a third party complaint seeking contribution and/or indemnification.

N.C. Gen. Stat. § 20-279.21(b)(3)(a) provides in pertinent part that:

The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and

*may defend the suit* in the name of the uninsured motorist or in
its own name. The insurer, upon being served with copy of sum-
mons, complaint or other pleading, shall have the time allowed by
statute in which to answer, demur or otherwise plead . . . to the
summons, complaint or other process served upon it.

N.C.G.S. § 20-279.21(b)(3)(a) (1993) (emphasis added). Integon con-
tends that its right to "defend the suit," within the meaning of section
20-279.21(b)(3)(a), includes the right to file a third party complaint in
the name of the uninsured motorist pursuant to Rule 14 of the Rules
of Civil Procedure. *See* N.C.G.S. § 1A-1, Rule 14 (1990). We disagree.

The language in section 20-279.21(b)(3)(a) granting the uninsured
carrier the right to "defend the suit" in the name of the uninsured
motorist or in its own name is clear and unambiguous and the courts
must construe the language using its plain meaning. *See Avco
Financial Services v. Isbell,* 67 N.C. App. 341, 343, 312 S.E.2d 707, 708
(1984). Dictionaries may be used to determine the plain or ordinary
meaning of words. *State v. Martin,* 7 N.C. App. 532, 533, 173 S.E.2d
47, 48 (1970). Dictionaries define "defend" as the contesting of a claim
or endeavoring to "defeat a claim or demand made against one in a
court of justice." *Black's Law Dictionary* 419 (6th ed. 1990); *see
American Heritage Dictionary* 374 (2nd ed. 1982).

In this case the filing of a Rule 14 third party complaint by Integon
in the name of the uninsured motorist[1] is an affirmative claim and not
an action taken in an effort to defeat the original claim asserted by
Hunter.[2] Accordingly, the third party complaint is not within the
scope of section 20-279.21(b)(3)(a) and the trial court correctly
granted the third party defendants', Wilkes and ACS, motion to dis-
miss the third party complaint.[3]

Affirmed.

Judges JOHN and TIMMONS-GOODSON concur.

---

1. We note that in this record there is no evidence that the third party complaint
was filed on behalf of and with the consent of Kennedy, the uninsured motorist. If such
an action were filed by the uninsured motorist, it would not be governed by the limita-
tions of section 20-279.21(b)(3)(a).

2. A defense of the suit within the meaning of section 20-279.21(b)(3)(a) permits
the uninsured motorist carrier, in the name of the uninsured motorist or in its own
name, to assert those defenses itemized in Rule 12 of our Rules of Civil Procedure. *See*
N.C.G.S. § 1A-1, Rule 12 (1990).

3. We acknowledge that this Court in *Johnson v. Hudson,* 122 N.C. App. 188, 468
S.E.2d 64 (1996) reversed the entry of summary judgment dismissing an underinsured

motorist carrier's third party complaint. That case did not address the specific issue raised in this case and therefore cannot be read to hold that an uninsured motorist carrier, defending an action pursuant to section 20-279.21(b)(3)(a), has the right to file a third party complaint seeking contribution and/or indemnity.