**SPEARMAN v. PENDER CTY. BD. OF EDUC.**

[175 N.C. App. 410 (2006)]

ANGELA SPEARMAN, Individually, BRITTANY SPEARMAN, by and through her Guardian ad Litem ANGELA SPEARMAN, SABRINA SPEARMAN, by and through her Guardian ad Litem ANGELA SPEARMAN, and JEFFREY SPEARMAN, Individually, on behalf of themselves and others similarly situated, Plaintiffs v. PENDER COUNTY BOARD OF EDUCATION, Defendant and Third-Party Plaintiff v. LITTLE DIVERSIFIED ARCHITECTURAL CONSULTING, INC. (Formerly Little & Associates Architects, Inc.), SOUTHERN PIPING COMPANY, SIGMA CONSTRUCTION CO., INC., M.B. KAHN CONSTRUCTION CO., INC., and SE&M CONSTRUCTORS, INC., Third-Party Defendants

No. COA04-1638

(Filed 3 January 2006)

### Appeal and Error— moot appeal—dismissal of third-party complaint—original claim voluntarily dismissed

An appeal by a defendant and third-party plaintiff (Pender County) was dismissed as moot after the original plaintiffs dismissed their claims against Pender County. Pender County's claim was for derivative damages under N.C.G.S. § 1A-1, Rule 14(a), rather than for direct damages under N.C.G.S. § 1A-1, Rule 18(a).

Appeal by defendant and third-party plaintiff from order entered 28 July 2004 by Judge D. Jack Hooks, Jr., in Pender County Superior Court. Heard in the Court of Appeals 30 November 2005.

*No brief filed for plaintiffs-appellees.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Scott Lewis and Ellen J. Persechini, for defendant and third-party plaintiff-appellant.*

*Hamilton, Fay, Moon, Stephens, Steele & Martin, PLLC, by David B. Hamilton, David G. Redding, and Andrianne Huffman Colgate, for third-party defendant-appellee Little Diversified Architectural Consulting, Inc. (Formerly Little & Associates Architects, Inc.).*

*No brief filed for third-party defendants-appellees Southern Piping Company, Sigma Construction Co., Inc., M.B. Kahn Construction Co., Inc., and SE&M Constructors, Inc.*

TYSON, Judge.

Pender County Board of Education ("Pender County") appeals from order entered dismissing its claims against Little Diversified

Architectural Consulting, Inc. (Formerly Little & Associates Architects, Inc.) ("Little"). We dismiss this appeal.

## I.  Background

Angela Spearman, Brittany Spearman, Sabrina Spearman, and Jeffrey Spearman (collectively, "plaintiffs") filed a complaint against Pender County on 14 November 2002 alleging they were injured by exposure to mold in South Topsail Elementary School. Pender County filed third-party complaints against Little, the architectural firm that designed and supervised the construction of the school, and others. Pender County claimed breach of contract, negligence, breach of express warranties, and negligence *per se*. Pender County prayed the court as follows:

> WHEREFORE, defendant and third party plaintiff prays the Court that *in the event the defendant is found liable to the plaintiffs, it have complete indemnity and/or contribution from the third party defendants*; that judgment be entered against the third party defendants for the costs incurred by third party plaintiff in the remediation of South Topsail Elementary School, which sum is in excess of $10,000.00[.]

(Emphasis supplied).

The trial court dismissed with prejudice all of Pender County's claims against Little on 21 July 2004. Pender County appeals. On 4 May 2005, plaintiffs dismissed without prejudice their claims against Pender County. On 2 June 2005, Little moved to dismiss Pender County's appeal.

## II.  Issues

Pender County argues: (1) the trial court erred in granting Little's motion to dismiss; and (2) the trial court properly granted Pender County's motion to continue Little's motion for summary judgment.

## III.  Motion to Dismiss

After plaintiffs dismissed their complaint against Pender County, Little filed a motion in this Court to dismiss Pender County's appeal on 2 June 2005. Little argues plaintiffs' dismissal of all claims against Pender County renders any claim Pender County may have against Little moot because Pender County has no claim to derivative damages. We agree.

Pender County's complaint against Little is entitled, "Third Party Complaint." In the complaint, Pender County states, "Pursuant to

Rule 14(a) of the North Carolina Rules of Civil Procedure, defendant, by and through counsel, alleges and says . . . ."

Rule 14(a) of the North Carolina Rules of Civil Procedure provides:

> At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*

N.C. Gen. Stat. § 1A-1, Rule 14(a) (2003) (emphasis supplied). Under this rule, an original defendant may implead a party for the purposes of indemnification and contribution "for all or part of the plaintiff's claim against him." *Id.* "If the original defendant is not liable to the original plaintiff, the third-party defendant is not liable to the original defendant." *Jones v. Collins*, 58 N.C. App. 753, 756, 294 S.E.2d 384, 385 (1982). "A claim which is independent of the defendant's possible liability to the plaintiff cannot be the basis of impleader under Rule 14." Alan D. Woodlief, Jr., *Shuford North Carolina Civil Practice and Procedure* § 14:2 (6th ed. 2003) (citing *Horn v. Daniel*, 315 F.2d 471 (10th Cir. 1962)); *see also Hunter v. Kennedy*, 128 N.C. App. 84, 86, 493 S.E.2d 327, 328 (1997) (The issue was whether an uninsured motorist carrier may file a third-party complaint seeking contribution and/or indemnification in defending an uninsured motorist. This Court dismissed the third-party complaint holding that the third-party complaint was "an affirmative claim and not an action taken in an effort to defeat the original claim asserted by [the plaintiff]").

In *Lord v. Customized Consulting Specialty, Inc.*, the original defendant filed a third-party complaint against the third-party defendant. 164 N.C. App. 730, 732, 596 S.E.2d 891, 893 (2004). The original plaintiff's claims against the original defendant were subsequently dismissed. *Id.* This Court stated, "When plaintiffs' claims against defendant were voluntarily dismissed, defendant's third party claims ceased to exist. All of the claims of plaintiffs and defendant were part of the same action." *Id.* at 733, 596 S.E.2d at 894.

In *In re Peoples*, our Supreme Court stated:

> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

SPEARMAN v. PENDER CTY. BD. OF EDUC.

[175 N.C. App. 410 (2006)]

296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978) (citations omitted). If issues become moot at any time during the proceedings, the action should be dismissed. *Id.* at 148, 250 S.E.2d at 912.

Here, plaintiffs dismissed all claims against Pender County. Because Pender County has filed a third-party complaint under Rule 14 against Little, it asserted no viable claim against Little for direct damages. N.C. Gen. Stat. § 1A-1, Rule 14(a).

Pender County could have joined its claims against Little pursuant to N.C. Gen. Stat. § 1A-1, Rule 18 (a). Rule 18(a) states, "A party asserting a claim for relief *as an original claim,* counterclaim, cross claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." N.C. Gen. Stat. § 1A-1, Rule 18 (a) (2003) (emphasis supplied). Pender County solely asserted claims "[p]ursuant to Rule 14(a)," prayed for "complete indemnity and/or contribution," and did not assert any claims against Little or the other third-party defendants under Rule 18(a). Plaintiffs' dismissal of all claims against Pender County renders this appeal moot. This appeal is dismissed.

## IV. Conclusion

In filing a third-party complaint against Little under Rule 14, Pender County pled derivative and not direct damages against Little. Because plaintiffs have dismissed all claims against Pender County, Pender County has not asserted any remaining claims against Little. This appeal is moot. Little's motion to dismiss Pender County's appeal is granted. This appeal is dismissed. In light of our decision, it is unnecessary to address Pender County's assignments of error.

Dismissed.

Judges BRYANT and CALABRIA concur.