DILLON, Judge.
 

 *493
 
 The Third-Party Plaintiffs (collectively "Nationwide") appeal from an order of the trial court dismissing their Third-Party Complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.
 

 I. Background
 

 Plaintiffs George Olsen, Sr., and his wife, Sharon N. Olsen, purchased a personal automobile underinsurance motorist insurance policy from Nationwide. This policy provided coverage to the Olsens should they be injured by an at-fault driver whose liability coverage limits were too low to cover their damages.
 

 In late 2013, Mr. Olsen was walking by the side of the road when he was struck by a car driven by Skylar Wellington ("Defendant"). Defendant had lost control of her vehicle and drifted off of the paved portion of the street. About three hours after the accident, Defendant's blood alcohol concentration was tested and registered a blood alcohol level of .15.
 

 In 2014, Plaintiffs filed this action against Defendant and Nationwide. Nationwide filed a third-party complaint against Timothy W. Smith and Timothy R. Smith, alleging that the Smiths had negligently served Defendant alcohol and allowed her to drive.
 
 [1]
 
 Nationwide sought contribution from the Smiths for a portion of their alleged common liability for Plaintiffs' injuries.
 

 Defendant's auto liability carrier offered the full limit of their liability coverage to Plaintiffs in exchange for Plaintiffs' execution of a covenant not to enforce judgment. Defendant's liability carrier was thus released from further liability and was not obligated to participate in the lawsuit.
 

 Plaintiffs then negotiated a settlement with Nationwide for $850,000. Following the settlement,
 
 *174
 
 Plaintiffs signed a release of all claims and filed a voluntary dismissal of their complaint with prejudice. Accordingly, the only remaining issue in the case was Nationwide's third-party complaint against the Smiths, who had allegedly served Defendant alcohol shortly before the accident.
 

 The Smiths' moved to dismiss Nationwide's third-party complaint for contribution. The trial court granted the Smiths' motion based on Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Nationwide timely appealed.
 

 *494
 
 II. Analysis
 

 On appeal, Nationwide argues that the trial court improperly granted the Smiths' motion to dismiss Nationwide's claim for contribution, contending that it had a cause of action to seek contribution from the Smiths for their role in causing its insured's injuries.
 

 "A motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure presents the question [of] whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory."
 
 Lynn v. Overlook Dev.
 
 ,
 
 328 N.C. 689
 
 , 692,
 
 403 S.E.2d 469
 
 , 471 (1991). We review a trial court's Rule 12(b)(6) dismissal
 
 de novo
 
 .
 
 Wray v. City of Greensboro
 
 , --- N.C. ----, ----,
 
 802 S.E.2d 894
 
 , 898 (2017).
 

 In its brief, Nationwide asserts that it has the right to recover from the Smiths because Defendant and the Smiths have a common liability for the injury to the Plaintiffs. However, the Smiths contend that Nationwide has no right to assert a claim based on
 
 contribution
 
 because a claim for contribution is only available among joint tort-feasors and Nationwide, as
 
 Plaintiffs'
 
 insurer, is not a tort-feasor. Based on our jurisprudence, we must agree, and therefore affirm the ruling of the trial court.
 

 Section 20-279.21 of our General Statutes regulates motor vehicle liability policies in North Carolina and allows an underinsured motorist insurer to fully participate in an action by its insured against an underinsured motorist:
 

 [T]he underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and ...
 
 may participate in the suit as fully as if it were a party
 
 . The underinsured motorist insurer may elect, but may not be compelled, to appear in the action in its own name and
 
 present therein a claim against other parties.
 

 N.C. Gen. Stat. § 20-279.21
 
 (b)(4) (2015) (emphasis added). However, we have held that the right of a plaintiff's underinsurance motorist insurer to
 
 bring
 
 claims does not extend to a right to seek
 
 contribution
 
 against other tort-feasors who may have contributed to causing the accident.
 
 Johnson v. Hudson
 
 ,
 
 122 N.C. App. 188
 
 ,
 
 468 S.E.2d 64
 
 (1996).
 

 In
 
 Johnson
 
 , we acknowledged that
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(4) clearly allows Nationwide to assert a claim against other parties when it appears in its own name.
 
 Id
 
 . at 190,
 
 468 S.E.2d at 66
 
 . However, we
 
 *495
 
 also noted that our General Statutes provide that "[t]he right of contribution exists only in favor of a
 
 tort-feasor
 
 who has paid more than his pro rata share of the common liability[.]" N.C. Gen. Stat. § 1B-1(b) (2015) (emphasis added). In
 
 Johnson
 
 , our Court concluded that "[t]he specific language of N.C.G.S. § 1B-1(b) controls over the more general provision of N.C.G.S. § 20-279.21(b)(4) [,]" ultimately holding that the underinsured insurance carrier was
 
 not
 
 a tort-feasor. Therefore, N.C. Gen. Stat. § 1B-1(b) prohibited the carrier's claim of
 
 contribution
 
 , specifically.
 
 See
 

 Johnson
 
 ,
 
 122 N.C. App. at 190
 
 ,
 
 468 S.E.2d at 66
 
 ("[
 
 N.C. Gen. Stat. § 20-279.21
 
 ] allows the underinsured insurance carrier to assert all claims that could have been asserted
 
 by its insured, the [plaintiff]
 
 ." (Emphasis added.));
 
 see also
 

 McCrary v. Byrd,
 

 148 N.C. App. 630
 
 , 638,
 
 559 S.E.2d 821
 
 , 827 (2002) ("An underinsurance motorist carrier is not a tort-feasor and thus has no right of contribution.").
 

 Here, Nationwide, as the underinsured insurance carrier, has no right to assert a claim against the Smiths for contribution because its insured-the Plaintiffs-never had any right to assert such a claim. Even in Nationwide's brief to this Court, it acknowledges that "[t]he rights of contribution arise when a
 
 tortfeasor
 
 has paid damages which exceed his
 
 *175
 
 pro rata share." (Emphasis added.) Therefore, as in
 
 Johnson
 
 , we hold that, as a matter of law, Nationwide has no right to seek contribution from the Smiths because neither Nationwide nor its insured is a tortfeasor. Accordingly, the trial court did not err in granting the Smiths' motion to dismiss Nationwide's third-party complaint seeking contribution. This holding should not be construed as a restriction on Nationwide's ability to assert any properly preserved direct claim which could have been asserted by its insured, the Plaintiffs.
 
 See
 

 Johnson
 
 ,
 
 122 N.C. App. at 190
 
 ,
 
 468 S.E.2d at 66
 
 ("[W]hile N.C. [Gen. Stat.] § 1B-1(b) prohibits a claim of contribution by [the insurer], N.C. [Gen. Stat.] § 20-279.21(b)(4) allows [the insurer] to assert a direct claim that could have been asserted by its insured[.]").
 

 AFFIRMED.
 

 Judges HUNTER, JR., and ARROWOOD concur.
 

 [1]
 

 Nationwide's answer and third-party complaint referenced in this opinion is its second response to Plaintiffs' suit, filed in response to Plaintiffs' second amended complaint.