IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1001

Filed 16 April 2024

Henderson County, No. 22CVS1618

ADAN RENDON HERNANDEZ, Plaintiff,

v.

HAJOCA CORPORATION, et al., Defendants, and HAJOCA CORPORATION and ANDREW WEYMOUTH, Third-Party Plaintiffs,

v.

ROBERT CRAWFORD, Individually, and ROBERT CRAWFORD d/b/a ROBERT CRAWFORD MASONRY, Third-Party Defendants.

Appeal by third-party defendants from order entered 5 June 2023 by Judge Steve Warren in Henderson County Superior Court. Heard in the Court of Appeals 20 March 2024.

> *Martineau King PLLC, by Elizabeth A. Martineau, and Geoffrey A. Marcus, for the appellee.*

> *McAngus, Goudelock & Courie, PLLC, by Jeffrey Kuykendall, for the appellant.*

TYSON, Judge.

Robert Crawford, Individually and Robert Crawford d/b/a Robert Crawford Masonry (collectively "Third-Party Defendants") appeal from order entered denying their motion to dismiss. We reverse and remand with instructions to dismiss the third-party complaint.

## I.    Background

W.D. Building Rentals, LLC owns property located at 1027 Spartanburg Highway in Hendersonville.  W.D. Building Rentals leased this property to Hajoca Corporation.  The adjoining property, 1005 Spartanburg Highway, is owned by Tina Ward Foster.  The property located at 1005 is situated at a higher elevation than 1027, with 1005 being at street level and 1027 being located below the street level grade.

A concrete and cinderblock retaining wall delineated the property line of these properties.  The retaining wall is approximately nine feet eight inches high and one hundred and fifty feet long.

The effects of a strong storm knocked down a portion of the retaining wall in the fall of 2020.  During and after rainfall, mud and dirt would erode down the slope into the parking lot of 1027.  This debris disrupted Hajoca's business operations.

W.D. Building Rentals and Foster were jointly responsible for maintaining and repairing the retaining wall, but they could not agree upon the steps necessary to repair the wall's damaged portions.  Mud and dirt continued to erode onto the 1027 property when it rained.

Foster conveyed her ownership interest in the property containing the retaining wall to W.D. Building Rentals at no cost.  This deed was executed on 17 December 2020 and filed in the Henderson County Registry in Book 3620, Pages 397-

399. Hajoca was responsible for all maintenance of and repairs to the retaining wall under its lease.

Robert Crawford Masonry was hired by Hajoca to complete the wall's masonry repairs. Pinnacle Grading Company, Inc. was hired by Hajoca to complete the grading. Robert Crawford Masonry was instructed to: (1) rebuild only the damaged portions of the wall; (2) not remove or repair any undamaged portions of the wall; (3) use the still-existing footings; and, (4) build the new section on top of and tied into the existing footing.

Robert Crawford Masonry began masonry work on 23 December 2020 using prefabricated cinderblocks and steel rebar and completed masonry work on 30 December 2020. A concrete subcontractor "cored the wall" by pouring concrete and filling the voids in the retaining wall's newly-installed cinderblocks later that day.

On 4 January 2021, Pinnacle Grading backfilled the retaining wall with 210 tons of dirt. No further work was performed on the site from 5 January 2021 through 12 January 2021. A labor crew, including Magno Alberto Valedez Sanchez, Adan Rendon Hernandez ("Plaintiff"), Marcelino Godofredo Rendon Hernandez, and owner Robert Crawford, arrived on-site 13 January 2021 to complete minor finishing work on the parking lot near the retaining wall.

While on-site, the entire section of newly-installed retaining wall snapped from the old footing and collapsed in one piece onto crewmembers of Robert Crawford Masonry. The collapsing wall fell onto and killed Marcelino Godofredo Rendon

Hernandez. The collapse also caused serious injuries to Plaintiff and Magno Alberto Valdez Sanchez.

Plaintiff filed a complaint against Hajoca; its manager, Andrew Weymouth, W.D. Building Rentals; and Pinnacle Grading Company, Inc. on 5 October 2022. Pinnacle Grading answered on 12 December 2022 and asserted the affirmative defense of employer negligence. W.D. Building Rentals answered on 14 December 2022 and also asserted the affirmative defense of employer negligence. Hajoca and Weymouth filed an answer and asserted a third-party complaint for equitable indemnity and contribution against Third-Party Defendants.

Third-Party Defendants filed a motion to dismiss the third-party complaint pursuant to North Carolina Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6), arguing the North Carolina Industrial Commission possesses exclusive jurisdiction and failure to state a claim. *See* N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and 12(b)(6) (2023). The trial court denied the motions by order entered 5 June 2023. Third-Party Defendants appealed.

## II.    Jurisdiction

An "appeal lies of right directly to the Court of Appeals . . . from any final judgment of a superior court." N.C. Gen. Stat. § 7A-27(b)(1) (2023). "A final judgment is one which disposes of the cause[s of action] as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citation omitted).

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* at 362, 57 S.E.2d at 381. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "This general prohibition against immediate appeal exists because there is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Harris v. Matthews,* 361 N.C. 265, 269, 643 S.E.2d 566, 568 (2007) (citations and internal quotation marks omitted).

Our Supreme Court has held two circumstances exist where a party is permitted to appeal an interlocutory order:

> First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (internal citations and quotation marks omitted).

"This Court has appellate jurisdiction because the denial of a motion concerning the exclusivity provision of the Workers' Compensation Act affects a

substantial right and thus is immediately appealable." *Fagundes v. Ammons Dev. Grp., Inc.*, 251 N.C. App. 735, 737, 797 S.E.2d 59, 532 (2017) (citing *Blue Mountaire Farms, Inc.*, 247 N.C. App. 489, 495, 786 S.E.2d 393, 398 (2016)). This appeal is properly before us. *Id*.

### III. Issues

Third-Party Defendants argue the trial court erred by denying their Rule 12(b)(1) and (6) motions to dismiss.

### IV. Standard of Review

"Whether a trial court has subject matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted).

### V. Analysis

Third-Party Defendants argue the trial court lacks subject matter jurisdiction and assert the Workers' Compensation Act vests exclusive jurisdiction over the claims against them in the Industrial Commission. *See* N.C. Gen. Stat. § 97-1 (2023) (the "Act").

The Act provides:

> Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified.

N.C. Gen. Stat. § 97-9 (2023).

The Act further provides:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representatives as against the employer at common law or otherwise on account of such injury or death.

N.C. Gen. Stat. § 97-10.1 (2023).

The Act represents a legislative policy and statutory compromise between employers and employees, as a "sure and certain recovery for their work-related injuries without having to prove negligence on the part of the employer or defend against charges of contributory negligence." *Whitaker v. Town of Scotland Neck*, 357 N.C. 552, 556, 597 S.E.2d 665, 667 (2003). "In return the Act limits the amount of recovery available for work-related injuries and removes the employee's right to pursue potentially larger damages awards in civil actions." *Woodson v. Rowland*, 329 N.C. 330, 338, 407 S.E.2d 222, 227 (1991) (citation omitted).

Subject to two exceptions recognized by our Supreme Court, the exclusivity provision of the Act precludes common law negligence actions from being asserted against employers and co-employees, whose negligence caused the injury. *Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985).

First, an employee may pursue a civil action against their employer when the

employer "intentionally engages in misconduct knowing it is substantially certain to cause injury or death to employees and an employee is injured or killed by that misconduct[.]" *Woodson v. Rowland*, 329 N.C. at 340, 407 S.E.2d at 228 (explaining an employee can bring a suit at common law for employer forcing employee to work in a trench not properly sloped nor reinforced with a trench box, which caved in and killed the employee).

Second, an employee may pursue a civil action against a *co-employee* for their willful, wanton, and reckless negligence. *Pleasant*, 312 N.C. at 717, 325 S.E.2d at 250 (allegations of "willful, wanton and reckless negligence" against a co-employee allows a suit at common law).

Rule 14 of the North Carolina Rules of Civil Procedure governs impleading and "permits a defendant in the State courts to sue a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant." *Teachy v. Coble Diaries, Inc.*, 306 N.C. 324, 329, 293 S.E.2d 182, 185 (1982); *see* N.C. Gen. Stat. § 1A-1, Rule 14 (2023). "At the heart of Rule 14 is the notion that the third-party complaint must be derivative of the original claim." *Ascot Corp., LLC v. I&R Waterproofing, Inc.*, 286 N.C. App. 470, 483, 881 S.E.2d 353, 364 (2022); *see* N.C. Gen. Stat. § 1A-1, Rule 14.

"If the original defendant is not liable to the original plaintiff, the third-party defendant is not liable to the original defendant." *Jones v. Collins*, 58 N.C. App. 753, 756, 294 S.E.2d 384, 385 (1982). "The crucial characteristic of a Rule 14 claim is that

defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff." 6 Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1446 (3d ed. 2010); *see* N.C. Gen. Stat. § 1A-1, Rule 14 (2023).

Third-Party Defendants can only be hailed into superior court as third-party defendants, by Hajoca and Weymouth, if Plaintiff can maintain a civil suit against them. However, Plaintiff cannot meet either exception created in *Woodson* or *Pleasant* to maintain a suit. *Woodson*, 329 N.C. at 340-41, 407 S.E.2d at 228 (employee can bring a suit at common law for employer forcing an employee to work in a trench not properly sloped nor reinforced with a trench box, which caved in and killed the employee); *Pleasant*, 312 N.C. at 713, 325 S.E.2d at 247 (no allegations of "willful, wanton and reckless negligence" against a co-employee trigger the *Pleasant* exception).

The allegations of omission by not securing the rebar deeply enough, not hiring a civil engineer to review the project, and not getting a building permit, taken as true, do not establish Third-Party Defendants had intentionally engaged in misconduct knowing that such conduct was substantially certain to, and, in fact, caused Plaintiff's injuries.

Hajoca and Weymouth's allegations are not sufficient to state a legally cognizable claim under either *Woodson* or *Pleasant*. *Woodson*, 329 N.C. at 340-41,

407 S.E.2d at 228; *Pleasant*, 312 N.C. at 713, 325 S.E.2d at 247.  The trial court erred in denying Third-Party Defendants' motion to dismiss.

## VI.    Conclusion

Third-Party Defendants' liability to Plaintiff is properly before the Industrial Commission, as the allegations, taken as true, do not trigger either of the limited exceptions to the exclusivity provisions of the Act.  *Woodson*, 329 N.C. at 340-41, 407 S.E.2d at 228; *Pleasant*, 312 N.C. at 713, 325 S.E.2d at 247.

The order is reversed, and the cause is remanded for order of dismissal of Third-Party Plaintiffs' complaint.  *It is so ordered.*

REVERSED AND REMANDED.

Judges GRIFFIN and FLOOD concur.