**SYKES v. KEILTEX INDUSTRIES, INC.**

[123 N.C. App. 482 (1996)]

RONALD SYKES, Plaintiff v. KEILTEX INDUSTRIES, INC., formerly KEILTRONIX INCORPORATED, Defendant

No. COA95-1084

(Filed 6 August 1996)

**1. Torts § 12 (NCI4th)— release effective as general release—no fraud of mistrial mistake**

A release executed by plaintiff and a representative for his employer and a supervisor of his employer as a result of mediation was a valid general release which by its terms unambiguously released defendant, manufacturer of a control system on machinery which malfunctioned and caused injury to plaintiff, from the liability charged in plaintiff's complaint, constituting a bar to plaintiff's claim against defendant. There was no merit to plaintiff's claim that execution of the release resulted from fraud or mutual mistake, or that defendants were not third-party beneficiaries to the release and as such should not be released from liability.

**Am Jur 2d, Release §§ 18, 20, 55, 60.**

**Right of action for fraud, duress, or the like, causing instant plaintiff to release cause of action against third person. 58 ALR2d 500.**

**Avoidance of release of personal injury claims on ground of fraud or mistake as to extent or nature of injuries. 71 ALR2d 82.**

**Tortfeasor's general release of cotortfeasor as affecting former's right to contribution against cotortfeasor. 34 ALR3d 1374.**

**2. Torts § 30 (NCI4th)— motion to amend answer not granted—summary judgment properly allowed**

The trial court did not err in granting summary judgment for defendant based upon the affirmative defense of release because the court never granted defendant's motion to amend its answer to include the defense of release, since defendant learned of the release through discovery and initially raised the defense of release in its first motion for summary judgment, and both parties were aware of the defense at the time of the filing of defendant's second motion for summary judgment.

Am Jur 2d, Job Discrimination § 2545; Pleading § 307; Summary Judgment § 23.

Amendment of pleading before trial with respect to amount or nature of relief sought as ground for relief. 56 ALR2d 650.

3. **Pleadings § 395 (NCI4th)— answer to amended complaint—allowance of belated answer**

The trial court did not err in denying plaintiff's motion to strike defendant's answer to plaintiff's amended complaint and its third-party complaint, though they were not timely filed, since the trial court acted within its discretion and in the interests of justice, without any prejudice to plaintiff, in allowing defendant to file an answer to plaintiff's amended complaint more than thirty days after the time permitted in N.C.G.S. § 1A-1, Rule 15.

Am Jur 2d, Pleading § 356.

Appeal by plaintiff from order entered 15 May 1995 by Judge Joe Freeman Britt in Robeson County Superior Court. Heard in the Court of Appeals 5 June 1996.

*Smith, Follin & James, L.L.P., by Norman B. Smith and Margaret Rowlett, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by John Brem Smith, for defendant-appellee.*

JOHNSON, Judge.

The essential facts of this case are uncontroverted and are as follows. On 8 January 1991, during and in the course of employment with Sanfatex, Inc., plaintiff Ronald Sykes was injured when contents of a machine he was operating spewed out and burned over ninety percent (90%) of his body. The control system for the machine had been designed, manufactured and started-up by defendant Keiltex Industries, Inc. (formerly Keiltronix Incorporated). Accordingly, plaintiff instituted this action for personal injuries, alleging negligence and breach of the warranties of merchantability and fitness for a particular purpose on defendant's part. Plaintiff also filed lawsuits against others, including Sanfatex, his employer, and Tommy Chong, a Sanfatex supervisor. That action, *Sykes v. Sanfatex, Inc.*, No. 92CVS03139, however, was resolved through mediation. Notably, it is a general release, executed as a result of the mediation between

plaintiff and Mr. John Brem Smith, representative of Sanfatex and Tommy Chong, that is the crux of the case *sub judice.*

After plaintiff filed his complaint on 9 March 1993, defendant filed its answer on 11 June 1993. Subsequently, plaintiff was permitted by an order entered 12 December 1994 to amend his complaint. Defendant, thereafter, filed a motion for summary judgment, based upon the 3 October 1994 release executed by plaintiff. This motion was denied. On 3 February 1995, defendant filed both an answer to plaintiff's amended complaint and a third-party complaint against Sanfatex and Tommy Chong. Plaintiff then filed a motion to strike defendant's answer to the amended complaint and third-party complaint as untimely on 27 February 1995. This motion was subsequently denied. Third-party defendants Sanfatex and Tommy Chong made a motion to dismiss defendant's third-party complaint against them on 11 April 1994. In response, defendant filed a motion for leave to amend its third-party complaint and a second motion for summary judgment on 1 May 1995. Again, defendant pled release of plaintiff's claims against defendant corporation. Plaintiff's motion to strike defendant's answer and third-party complaint was denied and defendant's motion to amend its third-party complaint was allowed, but third-party defendants' motion to dismiss defendant's third-party complaint was allowed on 15 May 1994. The trial court, at the same time, however, granted defendant's motion for summary judgment and dismissed plaintiff's action. Plaintiff and defendant/third-party plaintiff appealed. Defendant/third-party plaintiff's appeal was dismissed by this Court on 29 November 1995.

**[1]** On appeal, plaintiff first assigns as error the trial court's grant of defendant's second motion for summary judgment. Plaintiff argues that he did not release his claims against defendant when he released Sanfatex and Mr. Chong. Specifically, plaintiff contends that (1) mutual mistake prevents the release from releasing plaintiff's claim against defendant, and (2) alternatively, defendant was not a third party beneficiary to that release.

"Summary judgment is appropriate only when there is no genuine issue of material fact to be resolved, thereby entitling the movant to judgment as a matter of law." *Northington v. Michelotti*, 121 N.C. App. 180, 182, 464 S.E.2d 711, 713 (1995) (citing *Little v. National Service Industries, Inc.*, 79 N.C. App. 688, 690, 340 S.E.2d 510, 512 (1986)). The moving party bears the burden of establishing the lack of a triable issue of fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.,*

313 N.C. 488, 329 S.E.2d 350 (1985). Once the moving party meets its burden, the nonmoving party must "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). For the reasons discussed herein, we find that plaintiff failed to show genuine issue of material fact in this case, and thus we conclude that the trial court properly allowed defendant's motion for summary judgment.

Through mediation with Sanfatex and Mr. Chong, plaintiff executed a general release which provides,

> Ronald Sykes, the undersigned, being of lawful age, for the consideration of the promises contained in the Memoranda of Agreement executed September 8, 1994, does hereby and for his heirs, executors, administrators, successors and assigns, release, acquit and forever discharge Tommy Chong, Sanfatex, Inc., Federal Insurance Company, and Hartford, their agents, servants, successors, heirs, executors, administrators *and all other persons, firms, corporations, associations or partnerships* of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, personal injury and the consequences thereof resulting or to result from the incident that occurred on or about the 8th day of January, 1991, at the Sanfatex, Inc. plant, in Red Springs, Robeson County, North Carolina, that formed the basis of the action 92-CVS-03139 filed in Superior Court, Robeson County. (emphasis added).

We hold that this release is a valid general release which by its terms unambiguously releases defendant from the liability charged in plaintiff's complaint, constituting a bar to plaintiff's claim against defendant in the instant action. *See Battle v. Clanton*, 27 N.C. App. 616, 220 S.E.2d 97 (1975), *disc. review denied*, 289 N.C. 613, 223 S.E.2d 391 (1976) (granting full effect to express terms in a release that provided for discharge and release of all other tortfeasors from all other claims).

Plaintiff correctly avers that a release is subject to avoidance by a showing that its execution resulted from fraud or mutual mistake. *Cunningham v. Brown*, 51 N.C. App. 264, 269, 276 S.E.2d 718, 723

(1981). The phrase "mutual mistake" has been previously defined by the North Carolina Supreme Court as "a mistake common to all the parties to a written instrument . . . [which] usually relates to a mistake concerning its contents or its legal effect." *Hubbard and Co. v. Horne*, 203 N.C. 205, 208, 165 S.E. 347, 349 (1932). As a mutual mistake is a mistake indigenous to all parties involved, a critical element for a binding agreement's existence—mutual assent—is absent; and as such, no binding agreement exists, so as to affect any parties' interest thereby. *Cunningham*, 51 N.C. App. at 270, 276 S.E.2d at 723. We find that plaintiff, however, has failed to show evidence that a mutual mistake existed concerning the contents or the legal effect of the release at issue.

Plaintiff relies heavily on *Cunningham*, but the facts of the instant case are readily distinguishable from those of that case. In *Cunningham*, the Court found that the plaintiff alleged facts that

> would permit a finding that [the plaintiff] and [the insurance adjuster, the other party to the release,] agreed and intended to release only [plaintiff's husband]. The document signed contained language contrary to this mutual agreement and intention in that by its terms it released other joint tortfeasors as well as [plaintiff's husband]. It therefore failed to achieve the result which could be found to have been agreed to and intended by both parties.

51 N.C. App. at 273, 276 S.E.2d at 726. Therein, facts were alleged showing that the parties to the release intended the scope of the release to be limited, in that they intended to release the claims against an exclusive party, the plaintiff's husband. Because the release was actually general in scope, the Court found the existence of mutual mistake. *Cunningham*, 51 N.C. App. 264, 276 S.E.2d 718.

Like the release in *Cunningham*, the release in the instant case is general in scope, releasing plaintiff's claims against Sanfatex, Chong and "all other persons, firms, corporations, associations or partnerships." Unlike the plaintiff in *Cunningham*, however, plaintiff in this case has failed to present evidence to show that the other party to the release, Mr. Smith, intended the release at issue to have a limited scope. Plaintiff contends that Mr. Smith had a limited intent, to protect his clients, but plaintiff has not shown that Mr. Smith had the intent to execute a limited release—one releasing *only* his clients, while retaining plaintiff's right to sue other parties. The fact that Mr.

Smith's exclusive intent was to protect his clients, does not necessitate that Mr. Smith's intent was to protect his clients exclusively. If incidentally the release also released defendants, Mr. Smith's intent still would have been fulfilled. Accordingly, we find no mutual mistake herein, as Mr. Smith's intent and the content and legal effect of the release coincide.

In addition, plaintiff's argument to the effect that defendants are not third party beneficiaries to the 3 October 1994 release, and as such, should not be released from liability, is also without merit. As we have found previously, "a comprehensively phrased 'general release,' in the absence of proof of contrary intent, is usually held to discharge `all claims . . . between the parties." *McGladrey, Hendrickson & Pullen v. Syntek Finance Corp.*, 92 N.C. App. 708, 710-11, 375 S.E.2d 689, 691 (citing *Merrimon v. Telegraph Co.*, 207 N.C. 101, 176 S.E. 246 (1934)), *disc. review denied*, 324 N.C. 433, 379 S.E.2d 243 (1989).

**[2]** Plaintiff also assigns as error the trial court's grant of summary judgment since the court never granted defendant's motion to amend its answer to include the affirmative defense of release. Plaintiff contends that as defendant did not set forth this affirmative defense in either its answer to his complaint or its answer to his amended complaint, this defense was not available for use in support of defendant's motion for summary judgment. We find this argument to be without merit.

It is well-settled that unpled affirmative defenses may be heard for the first time on motion for summary judgment, even though not asserted in the answer, where both parties are aware of the defense. *Gillis v. Whitley's Discount Auto Sales*, 70 N.C. App. 270, 319 S.E.2d 661 (1984). In the instant case, the facts tend to show that defendant corporation learned of the existence of the release executed by plaintiff through discovery. In fact, defendant corporation initially raised the defense of release in its first motion for summary judgment filed 2 December 1994. As both parties were aware of the defense at the time of the filing of defendant's second motion for summary judgment, the trial court did not err in entertaining defendant's motion for summary judgment based upon the unpled affirmative defense of release.

**[3]** Finally, plaintiff assigns as error the trial court's denial of his motion to strike defendant's answer and third-party complaint since

these pleadings were not timely filed. Plaintiff contends that the trial court committed reversible error when it failed to strike defendant's answer and third-party complaint since it was not filed within the appropriate time deadlines, was filed without leave of the court, and would have the effect of delaying the trial in this matter. We cannot agree.

First, we note that denial of a plaintiff's motion to strike an amended answer is tantamount to permitting a defendant to file an amended answer. *Motors, Inc. v. Allen*, 20 N.C. App. 445, 201 S.E.2d 513 (1974). Further, this Court has found in *Halsey Co. v. Knitting Mills*, that in the interests of justice, a defendant should be entitled to amend his answer to meet the contents of the new complaint when the complaint is amended. 38 N.C. App. 569, 248 S.E.2d 342 (1978).

Additionally, Rule 6(b) of the North Carolina Rules of Civil Procedure vests a trial judge with great discretion to enlarge the time allowed for the performance of an act. N.C. Gen. Stat. § 1A-1, Rule 6(b) (1990). After the expiration of a specified period, a trial judge may in his discretion, *sua sponte* or upon motion of a party, allow an act to be done where the failure to act was the result of excusable neglect. *See id.*; *Hubbard v. Lumley*, 17 N.C. App. 649, 195 S.E.2d 330 (1973).

In the instant case, the trial court, in denying plaintiff's motion to strike, allowed defendant to file an answer to plaintiff's amended complaint more than thirty (30) days after the time permitted in Rule 15 of the North Carolina Rules of Civil Procedure. As we find that the trial court acted within its discretion and in the interests of justice, without any prejudice to plaintiff, its ruling will not be disturbed on appeal.

In light of the foregoing, the trial court's decision is affirmed.

Affirmed.

Judges LEWIS and MARTIN, MARK D. concur.