ELIZABETH RUNNELS v. EDWARD GEORGE ROBINSON AND RITA SWANSON ROBINSON

No. COA10-923

(Filed 17 May 2011)

**1. Release— incidental or intended third-party beneficiary— summary judgment**

The trial court did not err by granting summary judgment for defendants in an action arising from a real estate sale where plaintiff contended that defendants were only incidental beneficiaries of a release, so that a rescission and revised release were valid. It was clear from the language of the original release that defendants were intended third-party beneficiaries.

**2. Attorney Fees— release—justiciable issue present**

The trial court did not abuse its discretion by denying defendants attorney fees after it granted summary judgment for defend-

ants in an action involving a release. It could not be said that there was a complete absence of a justiciable issue.

Appeal by plaintiff and cross-appeal by defendants from judgment entered 10 March 2010 by Judge Dennis J. Winner in Polk County Superior Court. Heard in the Court of Appeals 8 February 2011.

*Long, Parker, Warren, Anderson & Payne, P.A., by Ronald K. Payne and Philip S. Anderson, for plaintiff-appellant.*

*F.B. Jackson & Associates Law Firm, PLLC, by Angela S. Beeker, for defendants-appellees.*

BRYANT, Judge.

Where plaintiff signed a general release, releasing defendants from liability, the trial court did not err in granting summary judgment in favor of defendants. Where the trial court denied defendants' motion for attorney's fees under N.C. Gen. Stat. § 6-21.5, there was no abuse of discretion.

*Facts and Procedural History*

In March 2007, Elizabeth Runnels (plaintiff) filed an action against Edward George Robinson and Rita Swanson Robinson (defendants) for a breach of contract regarding the 2005 purchase of a residence from defendants. Among other things, the complaint alleged that defendants had failed to obtain a permit for a residential septic system and failed to construct the building as a residence in conformity with the North Carolina Residential Building Code. Plaintiff alleged that defendants, "with intent to deceive," had induced her into the 2005 contract and that she had suffered damages in excess of $10,000.00. In their answer, defendants made a counterclaim for $10,000.00 in damages for having to defend this "frivolous, unfounded" action. Plaintiff filed a motion to dismiss defendants' counterclaim for failure to state a cause of action under Rule 12(b)(6) of the Rules of Civil Procedure.

In June 2008, plaintiff's attorneys sent a demand letter to Flat Rock Realty, LLC, a realty company that had listed the property. The demand letter claimed that because plaintiff had purchased her home in reliance on Flat Rock's representation that there was a permitted septic system on the property, Flat Rock shared in the responsibility for the misrepresentation. On 28 August 2008, plaintiff signed a "Release of All Claims" (Original Release) form with Flat Rock that stated the following, in pertinent part:

the Undersigned . . . for and in consideration of SIX THOUSAND AND 00/100 THS DOLLARS ($6,000.00) . . . do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge STEVEN P. COLLINS, TRANG COLLINS, JOE HOPE, DEBORAH L. HOPE, FLAT ROCK REALTY, LLC, REAL ESTATE SERVICES OF HENDERSONVILLE AND FLAT ROCK, NC, LLC and his, her, their, or its agents, servants, employees . . . *and all other persons, corporations, firms, associations or partnerships of and from any and all claims*, actions, causes of action, demands, rights, damages, costs, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages and the consequences thereof arising out of or in connection with that Offer To Purchase And Contract between Elizabeth A. Runnels as Buyer and Edward George Robinson and wife, Rita Swanson Robinson, as Seller in connection with the purchase of property located at Off Spicer Cove Road, in Polk County, North Carolina and the purchase of such property, including, without limitation, all things and matters alleged or which could have been alleged in that action entitled "Elizabeth Runnels v. Edward George Robinson, et. al. . . ."

(emphasis added).

Following the signing of the release, in June 2009, plaintiff and defendants made amendments to their complaint and answer, respectively. In their amended answer, defendants raised the affirmative defenses of release, waiver, estoppel, contributory negligence, merger, and failure to state a claim. On 29 June 2009, the trial court denied defendants' motion for judgment on the pleadings and their 12(b)(6) motion to dismiss. In September 2009, defendants filed a motion for summary judgment stating that plaintiff had "executed a full and general release of all claims she may have or could have asserted in this case, Runnels v. Robinson" in support of their motion. Defendants also filed a motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5.

In January 2010, plaintiff and Flat Rock Realty, LLC, executed a "Release of Claims Against Certain Joint Tortfeasors" (Revised Release) attempting to cancel the Original Release. The Revised Release stated that it was "not intended to release any claim which [plaintiff] may have against [defendants] in connection with the aforementioned transaction." In March 2010, the trial court, finding

that there were no genuine issues of material fact and defendants were entitled to judgment as a matter of law, granted defendants' motion for summary judgment and denied their motion for attorney's fees. From this order, granting summary judgment, plaintiff appeals. Defendants cross-appeal from the denial of attorney's fees.

---

There are two issues on appeal: (I) whether the trial court erred in granting summary judgment in favor of defendants by dismissing plaintiff's claims and failing to grant partial summary judgment to plaintiff on defendants' affirmative defense of release; and (II) whether the trial court properly denied defendants' motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5.

*I.*

[1] Plaintiff argues that the trial court erred in granting defendants' motion for summary judgment. Plaintiff argues that because neither plaintiff nor Flat Rock intended defendants to be beneficiaries of the release, they are not direct beneficiaries but rather incidental beneficiaries. Therefore, plaintiff contends that the rescission of the Original Release and execution of a revised release was valid, even without the consent of defendants and other incidental beneficiaries. We disagree.

The applicable standard of review for a summary judgment motion is de novo and we view the evidence in the light most favorable to the non-moving party. *Scott & Jones, Inc. v. Carlton Ins. Agency, Inc.*, 196 N.C. App. 290, 293, 677 S.E.2d 848, 850 (2009). "The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted).

> Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'

*Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (citing N.C. R. Civ. P. 56(c)). "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a

prima facie case at trial." *Edwards v. GE Lighting Sys., Inc.*, —— N.C. App. ——, ——, 685 S.E.2d 146, 148 (2009) (quotation omitted).

Plaintiff argues that the "circumstances surrounding the execution of the Original Release, as well as the boilerplate-nature of its language" indicate that defendants were neither intended nor direct third-party beneficiaries, but rather incidental beneficiaries. We disagree.

In *Sykes v. Keiltex*, the plaintiff was injured at work when "a machine he was operating spewed out and burned over ninety percent (90%) of his body." *Sykes v. Keiltex Industries, Inc.*, 123 N.C. App. 482, 483, 473 S.E.2d 341, 342 (1996). The plaintiff instituted an action against his employer, supervisor, and the manufacturer of the machine. The plaintiff had signed a general release with his defendant employer and defendant supervisor and, sometime thereafter, the defendant manufacturer moved for summary judgment based on the release. The trial court granted the defendant manufacturer's motion for summary judgment, and the plaintiff appealed, arguing that he did not release his claims against the defendant manufacturer. The language of the release in *Sykes*, similar to our present case, stated that

> [plaintiff] . . . does hereby . . . release, acquit and forever discharge [employer,] [supervisor,], . . . *and all other persons, firms, corporations, associations or partnerships* of and from any and all claims, actions . . . which the undersigned now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, personal injury and the consequences thereof resulting or to result from the incident [at issue in this action].

*Id.* at 485, 473 S.E.2d at 343. Our Court, stating that the defendant manufacturer was a third-party beneficiary of the release, held that the release was a "valid general release which by its terms unambiguously release[d] defendant from the liability charged in plaintiff's complaint, constituting a bar to plaintiff's claim against defendant in the instant action." *Id.* at 485, 473 S.E.2d at 344. "Other authorities are in accord with the proposition that a general release to all whomsoever bars further suits against other entities involved in the occurrence which produced the settlement with one participant that led to the release." *Battle v. Clanton*, 27 N.C. App. 616, 619, 220 S.E.2d 97, 99 (1975) (discussing *Peters v. Butler*, 253 Md. 7, 251 A.2d 600 (1969), *Panichella v. Pennsylvania Railroad Co.*, 268 F.2d 72 (3rd Cir. 1959), *cert. denied*, 361 U.S. 932 (1960), and *Hasselrode v. Gnagey*, 404 Pa. 549, 172 A.2d 764 (1961)).

**RUNNELS v. ROBINSON**

[212 N.C. App. 198 (2011)]

In our present case, similar to the language found in *Sykes* and other authorities, the Original Release released "all other persons, corporations, firms, associations, or partnerships of and from *any and all claims,* actions, causes of action, demands, rights, damages, costs . . . arising out of or in connection with that Offer to Purchase And Contract between [plaintiff] as Buyer and [defendants] as Seller." *See Best v. Ford Motor Co.*, 148 N.C. App. 42, 557 S.E.2d 163 (2001); *Van Keuren v. Little*, 165 N.C. App. 244, 598 S.E.2d 168 (2004). From the language of the Original Release, it is clear that defendants were intended third-party beneficiaries. "It is well settled that, after acceptance or action on a contract by a third person for whose benefit it was made, the original parties may not, without the consent of such third person, rescind the contract by mutual agreement, so as to deprive him of its benefits." *American Trust Co. v. Catawba Sales & Processing Co.*, 242 N.C. 370, 380, 88 S.E.2d 233, 240 (1955) (citing Anno. 53 A.L.R. 181). "[W]here, from the terms of the release, it must be apparent to the claimant that its execution forecloses further compensation from any source, the result is one voluntarily accepted by the claimant himself." *Battle*, 27 N.C. App. at 619, 220 S.E.2d at 99. Because the Original Release released defendants from liability, the subsequent Revised Release had no effect on defendants. Therefore, we hold that the trial court did not err in granting defendants' motion for summary judgment.

## II.

**[2]** Defendants cross-appeal and argue that the trial court erred in denying their motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5. Particularly, defendants argue that the Original Release rendered all issues in the complaint non-justiciable and that plaintiff persisted in litigating her action after she knew or should have known that her complaint was no longer justiciable.

The applicable standard of review on

> whether to award attorney's fees is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. An abuse of discretion occurs when a decision is 'either manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.'

*Egelhof v. Szulik*, 193 N.C. App. 612, 620-21, 688 S.E.2d 367, 373 (2008) (internal citation and quotation omitted).

Under N.C.G.S. § 6-21.5, the trial court, "upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing

party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C.G.S. § 6-21.5 (2009).

> When reviewing an award of attorneys' fees under section 6-21.5, this Court must review all relevant pleadings and documents of a case in order to determine if either: (1) the pleadings contain 'a complete absence of a justiciable issue of either law or fact,' . . . or (2) 'whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue.'

*Credigy Receivables, Inc., v. Whittington,* —— N.C. App. ——, ——, 689 S.E.2d 889, 893 (2010) (quoting *Sunamerica Financial Corp. v. Bonham,* 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991)). "In order to find complete absence of a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions for summary judgment or to dismiss." *Id* at ——, 689 S.E.2d at 895 (quotation omitted). The plaintiff must have reasonably been aware, at the time the complaint was filed, that the pleading contained no justiciable issue, or must have persisted in litigating the case after she reasonably should have been aware that the complaint no longer contained a justiciable issue. *Id.*

> [T]he mere filing of an affirmative defense without more is not sufficient to establish the absence of a justiciable issue, . . . nor the entry of summary judgment. These events may only be *evidence* of the absence of a justiciable issue. However, action by the losing party which perpetuated litigation in the face of events *substantially establishing that the pleadings no longer presented a justiciable controversy* may also serve as evidence for purposes of N.C.G.S. § 6-21.5. Whether such evidence would be sufficient without more is determinable on a case-by-case basis.

*Sunamerica Financial Corp.,* 328 N.C. at 259-60, 400 S.E.2d at 439 (internal citations omitted).

In the case before us, plaintiff filed her complaint in March 2007 and, thereafter, executed the Original Release on August 2008. On 26 June 2009, plaintiff filed an amendment to her complaint and defendants filed an amendment to their answer, raising several affirmative defenses, including release. On 29 June 2009, the trial court denied defendants' motions for judgment on the pleadings. (R 53) In September 2009, defendants filed a motion for summary judgment. (R 54) Plaintiff, attempting to rescind the Original release, executed the

**IN RE J.R.V.**

[212 N.C. App. 205 (2011)]

Revised Release in January 2010. In March 2010, seven months after its filing, the trial court granted defendants' motion for summary judgment. After careful review, although the trial court granted defendants' motion for summary judgment, we are unable to say that there was a "complete absence of a justiciable issue of either law or fact." *Id.* at 256, 400 S.E.2d at 437. A function of a motion for judgment on the pleadings "is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Garrett v. Winfree,* 120 N.C. App. 689, 691, 413 (1995) (quoting *Ragsdale v. Kennedy,* 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974)). Because the trial court denied defendants' motion for judgment on the pleadings in June 2009 after receiving an amended complaint and answer that included the defense of release, it necessarily did not find plaintiff's claims to lack merit. We are unable to say that plaintiff "persisted in litigating the case after a point where [she] should reasonably have become aware that the pleading [she] filed no longer contained a justiciable issue.' " *Credigy Receivables, Inc.,* —— N.C. App. at ——, 689 S.E.2d at 893. For the foregoing reasons, we hold that the trial court did not abuse its discretion in denying defendants' motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5. Defendants' assignment of error is overruled.

Affirmed.

Judges McGEE and BEASLEY concur.