An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-946

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

JUDSON H. BLOUNT, III,
    Plaintiff

    vs.                                Pitt County
                                       No. 91-CVD-756
ROBIN W. LEMAIRE,
    Defendant


Appeal by Plaintiff from judgment and order entered 7 March 2014 by Judge David A. Brantley in Pitt County District Court. Heard in the Court of Appeals 9 January 2014.


    *Edwin M. Hardy for Plaintiff.*

    *Susan K. Ellis, PLLC, by Susan K. Ellis, for Defendant.*


    DILLON, Judge.


    Judson H. Blount, III (Plaintiff), appeals from the trial court's judgment and order awarding a monetary judgment and attorneys' fees in favor of Robin W. Lemaire (Defendant), in connection with Plaintiff's purported breach of an agreement to pay the college expenses of the parties' two children. For the following reasons, we affirm in part and vacate in part.

I. Factual & Procedural Background

Plaintiff and Defendant, formerly husband and wife, have two children from their marriage, Avery and Kallie. On 11 May 1990, while their children were still minors, Plaintiff and Defendant executed a Separation and Property Settlement Agreement (the Separation Agreement), which includes the following provision (the Education Provision) concerning payment of their children's educational expenses:

> EDUCATIONAL EXPENSES. . . . If the children of the parties shall be enrolled in a college or university beyond his or her eighteenth (18th) birthday, which college or university shall be selected by the child and the parties to this Agreement, the costs of room, board, and tuition of that college or university for each child so enrolled shall be paid by [Plaintiff]. [Plaintiff] agrees to provide reasonable spending money for the child while attending school.

The parties agreed to incorporate the terms of the Separation Agreement into a judgment for absolute divorce, which was entered in Pitt County District Court on 23 March 1992.

In May 2000, a consent order was entered through which Plaintiff agreed to pay Defendant $2,000.00 per month in child support. This consent order referenced the Education Provision, recognizing that Defendant had, *inter alia*, waived any right to spousal support in exchange for Plaintiff's promise to pay the children's college expenses.

On 19 August 2004, Plaintiff filed a motion seeking credit towards his child support obligation for additional living expenses that he had been paying on Avery's behalf. The court denied Plaintiff's motion by order entered 15 April 2005, reasoning that the May 2000 consent order "contains clear and unequivocal language and terms indicating that each of the parties intended it to be non-modifiable as an integrated agreement and Order based on reciprocal consideration and without regard to any change in circumstances." The court also ordered Plaintiff to pay Defendant's attorneys' fees on grounds that Plaintiff's motion had presented "a complete absence of a justiciable issue of law or fact . . . ."

In the fall of 2005, Avery entered Peace College in Raleigh as a full-time student. Plaintiff states that Avery performed "adequately" until the fall 2007 semester, when Avery failed all five of her courses, and after which Plaintiff informed Avery that he would not pay her tuition, board, or other college expenses until she passed a semester "under her own steam." Avery acknowledged her understanding and obtained a loan in order to pay her college expenses for the spring 2008 semester. Although her grades improved, Avery left Peace College after the spring 2008 semester. Plaintiff resumed his payment of Avery's

college expenses when Avery subsequently enrolled at Pitt Community College, where she completed a two-year degree in May 2010.

Kallie enrolled as a full-time student at the College of Charleston in the fall of 2008. Plaintiff informed Kallie in 2010 that he would not pay her college expenses beyond her fourth year of enrollment. Following her fourth year of studies, however, Kallie still needed one additional semester to complete her degree. Accordingly, Kallie obtained a loan to finance her final semester and graduated in December 2012.

On 23 August 2012, Defendant filed a motion in the cause and for attorneys' fees, seeking (1) reimbursement for student loan payments and other college expenses that she had paid on behalf of Avery and Kallie; and (2) court costs, including attorneys' fees that she had incurred in bringing this action. Following a hearing on these matters, the trial court entered a judgment and order on 7 March 2013. Therein, the trial court awarded Defendant a judgment in the principal amount of $26,236; ordered Plaintiff to pay off an outstanding student loan on Kallie's behalf; and ordered Plaintiff to pay Defendant's court costs, including attorneys' fees. From this judgment and order, Plaintiff appeals.

## II. Analysis

### *A. Standard of Review*

"It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). "Where there is competent evidence to support the trial court's findings of fact, those findings are binding on appeal." *Burress v. Burress*, 195 N.C. App. 447, 449-50, 672 S.E.2d 732, 734 (2009).

### *B. Plaintiff's Contractual Obligations*

Plaintiff contends that the trial court erred in awarding damages to Defendant as reimbursement for Defendant's payment of some of the children's college expenses. We disagree.

"[O]ur case law . . . clearly establishes that a parent can assume contractual obligations to his child greater than the law otherwise imposes. Thus, a parent may expressly agree to support his child after emancipation and beyond majority, and such agreements are binding and enforceable." *Williams v. Williams*, 97 N.C. App. 118, 122, 387 S.E.2d 217, 219 (1990)

(citations omitted). "Where issues surrounding the interpretation of the terms of a contractual agreement are concerned, the generally accepted rule is that the intention of the parties controls, and the intention can usually be determined by considering the subject matter of the contract, language employed, the objective sought and the situation of the parties at the time when the agreement was reached." *Robertson v. Hartman*, 90 N.C. App. 250, 252, 368 S.E.2d 199, 200 (1988) (citing *Pike v. Wachovia Bank and Trust Co.*, 274 N.C. 1, 161 S.E.2d 453 (1968)). "When the language of a written contract is plain and unambiguous, the contract must be interpreted as written and the parties are bound by its terms[.]" *Five Oaks Homeowners Ass'n, Inc. v. Efirds Pest Control Co.*, 75 N.C. App. 635, 637, 331 S.E.2d 296, 298 (1985).

Here, the parties agreed to incorporate the terms of the Separation Agreement into their divorce judgment. As part of the Separation Agreement, Plaintiff agreed to pay their children's college expenses in exchange for Defendant's agreement to, *inter alia*, waive any claim against Plaintiff for spousal support. Plaintiff acknowledges the Education Provision and his obligations thereunder, but contends that because it is silent with respect to when such obligations terminate, the

trial court should have read a term of reasonable duration into the provision. Although we agree in principle with Plaintiff's position to a certain extent – for instance, we do not believe that the Education Provision's failure to specify the duration of Plaintiff's obligation to pay his daughter's college expenses would obligate Plaintiff to pay such expenses *indefinitely* – we do not believe that application of this principle helps Plaintiff in the present case.

With respect to Kallie, Plaintiff asserts that his obligation to pay her college expenses should have ended at the close of Kallie's fourth year at the College of Charleston, since four years represented "sufficient time" for Kallie to complete her four-year degree. In short, Plaintiff contends that it was unreasonable to require him to pay Kallie's college expenses for the one additional semester that Kallie needed to complete her degree. We are not persuaded. While it may be true – and perhaps anticipated in many instances – that a college student will complete a four-year degree in the "traditional" four-year period, it is also reasonably foreseeable that a student might require additional time to complete his or her degree. Plaintiff, who was an attorney at the time he entered into the Separation Agreement with

Defendant, could have accounted for this possibility and negotiated for inclusion of a provision in the Separation Agreement limiting the duration of his college-expense-related obligations. Restricting our analysis and holding to the circumstances presented, where there exists a valid contractual agreement unambiguously obligating one party's payment of college-related expenses incurred by a third-party beneficiary without specifying when the obligation terminates, and where the beneficiary enrolls one additional semester in order to complete a four-year degree, we conclude that the trial court did not err in construing the parties' Separation Agreement so as to obligate Plaintiff with respect to Kallie's college expenses in question.

Plaintiff further contends that the trial court erred in obligating him to pay Avery's college expenses for her spring 2008 semester at Peace College in light of the fact that Avery had failed all five of her courses the preceding semester. Plaintiff insists that his obligation to pay Avery's college expenses should have terminated when Avery failed to perform "adequately" and, further, that because the Separation Agreement fails to specify what level of performance was "adequate," "the Court should step in to rule what is reasonable." We disagree

with these contentions for reasons similar to those articulated above relating to Kallie's college expenses. While we do not believe that the Education Provision can be properly construed as requiring Plaintiff to pay for semester after semester of poor academic performance indefinitely, it is certainly foreseeable that a college student such as Avery might perform poorly in a given semester, ultimately requiring that she extend her coursework beyond the traditional four-year period. Thus, given the circumstances presented, we conclude that the trial court did not err in obligating Plaintiff with respect to Avery's college expenses at issue. *See Barker v. Barker*, __ N.C. App. __, 745 S.E.2d 910 (2013) (holding that the father, who had agreed to pay his daughter's education so long as she "diligently applied" herself to her studies, was obligated to continue paying the daughter's educational expenses, notwithstanding the daughter's poor academic performance and placement on academic probation).

### *C. Attorneys' Fees*

Plaintiff further contends that the trial court erred in ordering him to pay Defendant's attorneys' fees. We agree.

We review the trial court's award of attorneys' fees for abuse of discretion. *Runnels v. Robinson*, 212 N.C. App. 198,

203, 711 S.E.2d 486, 490-91 (2011). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). "The general rule in North Carolina is that attorney's fees are not allowed as a part of the costs in civil actions or special proceedings, unless there is express statutory authority for fixing and awarding the attorney's fees." *Alston v. Fed. Exp. Corp.*, 200 N.C. App. 420, 424, 684 S.E.2d 705, 707 (2009) (citing *Bowman v. Comfort Chair Co.*, 271 N.C. 702, 704, 157 S.E.2d 378, 379 (1967)).

Here, the trial court concludes in its order that "Defendant is the prevailing party in this action and is entitled to a judgment for her attorney fees and expenses. The attorney fees and expenses incurred by Defendant in the amount of $5020.00 are reasonable, entitling Defendant to a judgment for that amount." The order, however, does not articulate any basis, statutory or otherwise, for the attorneys' fees award.

Defendant has not advanced any statutory authority, before the trial court or now on appeal, in support of her request for attorneys' fees. Rather, Defendant's sole contention with respect to the merits of the attorneys' fees award is that

"[t]his current proceeding is no different substantively from the previous proceeding between the parties heard by Judge Brantley in April 2005 in which attorney fees were awarded to Defendant." Defendant insists that because the same judge has previously awarded her attorneys' fees in a separate proceeding brought under the Separation Agreement and because "[b]oth proceedings concerned Plaintiff's failure to pay certain amounts he contractually agreed to pay and/or was required by court order to pay[,]" she must likewise be entitled to attorneys' fees in the present action. We disagree that these two proceedings are substantively the same; whereas the April 2005 order addressed Plaintiff's "clear and unequivocal" child support obligation under the Separation Agreement, the present matter involves Plaintiff's obligation to pay the children's college expenses under a provision of the Separation Agreement that fails to define the scope of that obligation. Moreover, we fail to see how the April 2005 attorneys' fees award, which evidently was never subjected to appellate review, has any bearing on the propriety of the attorneys' fees award presently under review. We also note that the April 2005 attorneys' fees award was based upon the trial court's determination that the action was non-justiciable, and the trial court made no similar

determination in support of the attorneys' fees awarded here. Accordingly, because the record is devoid of any basis for an award of attorneys' fees, and because Defendant has advanced no authority in support of such an award, we vacate that portion of the trial court's order.

## III. Conclusion

For the foregoing reasons, we vacate the trial court's award of attorneys' fees, but affirm the trial court's 7 March 2013 judgment and order in all other respects.

AFFIRMED IN PART; VACATED IN PART.

Judges STROUD and HUNTER, JR. concur.

Report per Rule 30(e).